CHARLES Q. DE FRANCE, APPELLANT, V. MELVIN T. HARMER ET AL., APPELLEES.

FILED OCTOBER 22, 1902. No. 12,904.

1. **Constitutional Law:** MODIFICATION OF STATUTE. Changes or modifications of existing statutes as an incidental result of adopting a new law covering the whole subject to which it relates, are not forbidden by section 11, article 3, of the constitution.

2. ———: ———: PRIMARY ELECTION LAW. The primary election law (Session Laws, 1899, ch. 27) being an original enactment, complete in itself, does not contravene section 11, article 3, of the constitution, although section 6 operates indirectly as an amendment of section 1 of the general registration law.

APPEAL from the district court for Lancaster county. Heard below before FROST, J. *Affirmed.*

*Charles Q. De France,* for himself, *Thomas J. Doyle* and *George W. Berge,* with him.

*Edmund C. Strode, D. J. Flaherty, Lorenzo W. Billingsley, Robert J. Greene* and *Richard H. Hagelin,* contra.

SULLIVAN, C. J.

It seems doubtful whether appellant, by reason merely of being an accredited candidate for a public office, would be entitled, under any circumstances, to champion in court the claims of those who may be embarrassed in the exercise of their right to vote at a primary election by refusing to disclose to the supervisors of registration their political faith and affiliation. But that question need not be decided. Without determining it, we reach the conclusion that the decision of the district court is right and must in any event be affirmed. The contention that appellees, who are supervisors of registration for one of the election pre-

cincts of the city of Lincoln, should be enjoined from making inquiry touching the party affiliation of persons offering to register under the act of 1889 (Session Laws 1889, chapter 54),is grounded on the assumption that section 6 of the act of 1899 (Session Laws, 1899, chapter 27), relating to primary elections and conventions, contravenes section 11, article 3, of the constitution and is therefore void.  The section of the constitution here referred to declares that "no law shall be amended unless the new act contain the section or sections so amended and the section or sections so amended shall be repealed." This provision is, of course, mandatory, and no enactment in contravention of it can stand.  But there is, it seems to us, no very strong reason for claiming that the primary election law is, in substance, amendatory legislation.  It professes to be, and it is, in our judgment, a complete and independent act.  Section 6 of the act of 1899 is in part as follows:  "In order that none but those affiliating with and being members of any political party shall participate in any primary election held by such political party, a system for the registration of such persons is hereby provided, and such registration shall be conducted in form and manner as follows to wit:  In all cities and towns, of whatever class, in which a registration law is in force under the provisions of the general law governing regular state elections, there shall be set aside on the regular registration books used for the purpose of registering persons who are qualified to vote at the next regular state election, space for the registration of all persons who may desire to take part in any primary election held by any political party.  Such space shall be provided on the regular state registration books, immediately following the last perpendicularly ruled column in such books, and shall be headed as follows: 'Party Affiliation.' It shall be the duty of the supervisors of registration of such regular state registration to ask each person who applies to be registered, the question, 'What political party do you desire to affiliate with?' And the name of the political

party given by such person so applying to be registered shall be recorded in the column provided on the books of registration for that purpose. In case any person applying to be registered does not desire to state his party affiliation, he shall not be required so to do, nor shall his failure so to do act as a bar to his registration for the purpose of voting at any election held under the provisions of the general election law but only at a primary election." This section does undoubtedly modify section 1 of the general registration law; it imposes additional duties upon supervisors of registration and upon the governing authorities of incorporated cities. The latter must now provide registration books with an additional column and caption, and the former must, if they can obtain the information, enter in the added column the name of the political party with which each registered voter desires to affiliate. The later act touches at one point upon the earlier one, but according to the consensus of judicial opinion the impingement is not fatal. The provision of the constitution above quoted has reference only to acts which profess to be, or are in fact, amendatory of earlier legislation. "An act complete in itself is not," says Judge Cooley in *People v. Mahaney,* 13 Mich., 481, "within the mischief designed to be remedied by this provision, and can not be held to be prohibited by it without violating its plain intent." It has been repeatedly held by this court, and is stated in the different cases with greater or less clearness, that changes or modifications of existing statutes as an incidental result of adopting a new law covering the whole subject to which it relates, are not forbidden by our constitution. *Smails v. White,* 4 Nebr., 353; *State v. Whittemore,* 12 Nebr., 252; *State v. Ream,* 16 Nebr., 681; *Stricklett v. State,* 31 Nebr., 674; *Van Horn v. State,* 46 Nebr., 62. In the case last cited it is said by Commissioner IRVINE (page 79), "that it is competent for the legislature to pass a new act complete in itself, and the fact that such act modifies, changes, or destroys the effect of other statutes does not render it in conflict with the consti-

State v. Graves.

tution." If we should adopt the contention of counsel for appellant, and hold section 6 of the primary election law unconstitutional because it modifies section 1 of the general registration law, we would establish in this state a principle which would, if adhered to, produce endless mischief. A very great number of our original enactments, indirectly and by implication, amend pre-existing statutes. Take for example the homestead law. It amends the decedents' act, the law on the subject of real estate, the married woman's act and the Code of Civil Procedure. It is quite probable that other acts have even a wider influence. To hold that a re-enactment and publication of every statute thus amended is required by the constitution would bring confusion and disaster. It would, as is said in *People v. Mahaney,* make it impossible to tell what the law is.

The judgment of the district court denying the application for a permanent injunction, is clearly right and is therefore

AFFIRMED.