CELWYN MERVYN DOWNS, APPELLEE, v. NEBRASKA STATE BOARD OF EXAMINERS FOR PROFESSIONAL ENGINEERS AND ARCHITECTS, APPELLANT.

296 N. W. 151

FILED FEBRUARY 4, 1941. No. 30951.

24

*Walter R. Johnson, Attorney General,* and *Clarence S. Beck,* for appellant.

*Burkett, Wilson & Van Kirk, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and YEAGER, JJ., and LANDIS and MUNDAY, District Judges.

LANDIS, District Judge.

This is an action in mandamus brought by the relator, Celwyn Mervyn Downs, wherein he seeks a peremptory writ of mandamus directing the Nebraska State Board of Examiners for Professional Engineers and Architects to issue him a certificate of registration to practice engineering without an examination as provided for by section 9 of Legislative Bill No. 14 of the 1937 session (Comp. St. Supp. 1939, sec. 71-3309). A peremptory writ was issued below, and the board of examiners appeals.

The controlling issues are: Was relator entitled to be registered, was the action of the board arbitrary, and was there an abuse of discretion of the board of examiners. Having resolved these issues in favor of relator, an action in mandamus is the proper remedy. Comp. St. 1929, sec. 20-2156; *State v. School District,* 31 Neb. 552, 48 N. W. 393; *Jackson v. State,* 57 Neb. 183, 77 N. W. 662; *State v. Lincoln Medical College,* 81 Neb. 533, 116 N. W. 294.

In 1937 there was enacted in our state a new law pro-

viding, for the first time, regulation of the practice of engineering and architecture, making it a misdemeanor to so practice without a license. The act provided that professional engineers who were residents of the state, of good character, should be issued a certificate of registration to practice engineering without written or oral examination. It defined, substantially, professional engineering as any professional service, such as consultation, investigation, evaluation, planning, design or responsible supervision of construction, when such professional service requires the application of engineering principles and data.

The record reflects that relator had the required residence, paid the fee, is and was a professional engineer within the definition of the statute, of good character, having high scholarship standing, held the degrees of Bachelor of Science in Mechanical Engineering, 1923, Master of Science in Mechanical Engineering, 1924, granted by the University of Nebraska, and had teaching experience in the Engineering Department of the University of Nebraska.

The relator was entitled to a certificate of registration under section 9 of the act.

The declaration of policy of the act and as to its construction is found in section 71-3317, Comp. St. Supp. 1939, namely: "The legislature hereby declares that this act is necessary for the public convenience and welfare, is remedial in nature and shall be construed liberally."

Within the realm of arbitrary action and abuse of discretion of the board, the record shows an unreasonable and inexcusable delay of action in this matter. Application was made to the board by the relator for registration to practice his profession of engineering bearing date of December 27, 1937, and up to the hearing on the mandamus on December 4, 1939, no action by the board had been taken, though requests had been made for such. No valid excuse appears for the delay.

Relator, besides practicing his profession of engineer, is owner and manager of a company which manufactures items made out of paper. A considerable portion of his time is

taken up with this company. Yet the board registered the Dean of the University of Nebraska Engineering Department to practice the profession of engineering where all his time was taken up with his university duties to the exclusion of the practice of his profession. The record fails to show the Dean ever practiced his profession of engineering. The board licensed two capable professional engineers, one with all his time taken by his official duties as governor of the state, and the other as member of the state board of control.

An experienced, learned trial judge carefully considered this case below and ordered the writ to issue. The record fully sustains this action; we concur therein, and the judgment of the trial court is

AFFIRMED.