State of Nebraska ex rel. Wesley Bintz, appellant, v. Nebraska State Board of Examiners for Professional Engineers and Architects et al., appellees.

50 N. W. 2d 784

Filed January 4, 1952. No. 33030.

*Matthews, Kelley, Fitzgerald, Matthews & Delehant,* for appellant.

*Clarence S. Beck,* Attorney General, and *Walter E. Nolte,* for appellees.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Chappell, J.

This is a mandamus action wherein plaintiffs sought to require "defendants, and each of them, to execute, issue, and deliver to your relator, Wesley Bintz, a Certificate of Registration to practice professional engineering in the State of Nebraska." Defendants demurred generally to the petition for the reason that it did not state a cause of action upon which the court could issue a writ of mandamus. Their demurrer was overruled and defendants answered, wherein, among other defensive

grounds they renewed their contention that plaintiff's petition did not state a cause of action. Plaintiff's reply was a general denial.

After a lengthy hearing upon the merits, the trial court rendered its decree, denying the relief prayed and dismissing plaintiff's petition. Plaintiff's motion for new trial was overruled, and he appealed, assigning, insofar as important here, that the judgment was contrary to law. We conclude that the assignment should not be sustained.

It appears from the record that on January 16, 1945, plaintiff filed an application for a certificate of registration. However, after full inquiry, and in the exercise of its discretion based upon the facts presented, defendant board of examiners denied plaintiff's application on August 2, 1945. Plaintiff did not prosecute error therefrom, and such denial became final. Whether or not such denial was an abuse of discretion cannot be determined in this mandamus action. Plaintiff alleged that subsequently, on September 7, 1949, defendants refused to accept the filing of another application, but in this action he does not pray that defendants should be required to do so. Rather herein plaintiff asked the district court, and upon appeal asks this court, to require defendants to issue a certificate of registration, thereby controlling defendant board's discretion. In other words, plaintiff has undertaken in this action to require the courts to administer the law and exercise a discretion committed by law to defendant board of examiners. It is well established that such a mandamus action cannot be maintained.

In support of his action, plaintiff relied upon Downs v. Nebraska State Board of Examiners, 139 Neb. 23, 296 N. W. 151. An examination of that opinion discloses that such action was in mandamus to require the Nebraska State Board of Examiners for Professional Engineers and Architects to issue plaintiff Downs a certificate of registration without an examination. In such

case this court affirmed the issuance of a peremptory writ in the light of an applicable "Grandfather Clause" contained in section 71-3309, C. S. Supp., 1939, same being section 9 of Legislative Bill No. 14, enacted by the 1937 session of the Nebraska State Legislature, which specifically provided that in such case "* * * the Board shall issue a certificate of registration, without written or oral examination, in Engineering or Architecture, * * *." It is apparent that such case is not in point here, and has no application under applicable statutes. Plaintiff here makes no claim that he was entitled to a certificate under such a "Grandfather Clause" as a matter of right. Rather, he is prosecuting this mandamus proceeding to control discretion as distinguished from ministerial action.

In State ex rel. Smith v. Nebraska Liquor Control Commission, 152 Neb. 676, 42 N. W. 2d 297, relied upon by plaintiff, we allowed a writ of mandamus because the statute sought to be enforced left "open no area for the exercise of a discretion. It requires the performance of a purely ministerial duty." It was specifically held therein that: "When a specific duty is made plain by statute, and the officer is not given any discretion in the matter, one for whose benefit the duty is to be performed may compel its performance by mandamus." Clearly that case has no application in the case at bar.

In that connection, section 81-839, R. R. S. 1943, provides in part: "In order to safeguard life, health and property, any person practicing or offering to practice the profession of engineering or architecture in this state shall be required to submit evidence that he is qualified so to practice, and shall be registered as provided in section 81-847."

Section 81-841, R. R. S. 1943, provides that a State Board of Examiners for Professional Engineers and Architects should administer the provisions of sections 81-839 to 81-856, R. R. S. 1943. Thereafter, section 81-847, R. R. S. 1943, provides in part: "The Board of

Examiners for Professional Engineers and Architects shall, upon application therefor on a prescribed form and upon the payment of a fee of fifteen dollars to be paid in the manner prescribed below, issue a certificate of registration (1) to any person who submits evidence satisfactory to the board that he is fully qualified to practice professional engineering or architecture; or (2) to any person who holds a like unrevoked certificate of registration issued to him by proper authority of the National Council of State Board of Engineering Examiners, or of the National Bureau of Engineering Registration, or of the National Council of Architectural Registration, or any state or territory of the United States or any country where the requirements for the registration of professional engineers or architects are not lower than the standards specified in this section and section 81-848; Provided, however, that no person shall be eligible for registration who is under twenty-five years of age, or who is not of good character and repute, or who has not been actively engaged for at least eight years in the practice of professional engineering or architecture of character satisfactory to the board."

Clearly, upon the filing of an application for a certificate of registration as an engineer or architect, defendants were required under such statutes to examine evidence and exercise a discretion based thereon.

In that connection, this court held in State ex rel. Herman v. City of Grand Island, 145 Neb. 150, 15 N. W. 2d 341, that: "The discretion of a public officer cannot be controlled by mandamus, but when a specific duty is made plain by statute, and the officer is not given any discretion in the matter, one for whose benefit the duty is to be performed may compel its performance by mandamus.

"Where a specific duty is provided by statute mandamus may be invoked to enforce it, if denied; and the party entitled to such relief will not be forced to

pursue his remedy by a circuitous and dilatory action at law."

In State ex rel. Strange v. School District, 150 Neb. 109, 33 N. W. 2d 358, this court held: "The court has no power by mandamus to control the decision of those matters which are left by statute to the discretion of the governing body of a governmental agency.

"A peremptory writ of mandamus should be issued only where the legal right to it is clearly shown." See, also, State ex rel. Evans v. Brown, 152 Neb. 612, 41 N. W. 2d 862.

The foregoing rules are controlling here. We conclude, therefore, that the trial court should have sustained defendants' demurrer and not heard the case upon its merits, because plaintiff's petition did not state a cause of action upon which the court could grant the relief prayed.

Other matters are assigned and argued in the brief, which, as we view it, require no discussion or decision.

For the reasons heretofore stated, we conclude that the judgment should be and hereby is affirmed.

AFFIRMED.