STATE OF NEBRASKA EX REL. CLARENCE A. H. MEYER, ATTORNEY GENERAL, APPELLEE, V. STUART P. KNUTSON, APPELLANT.

133 N. W. 2d 577

Filed March 5, 1965. No. 35841.

Joseph S. Goldware and Shrout, Hanley, Nestle & Corrigan, for appellant.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

This is a suit commenced by the State of Nebraska on the relation of the Attorney General to enjoin Stuart P. Knutson from the practice of professional architecture until such time as he shall become registered as required by sections 81-839 to 81-856, R. R. S. 1943. The trial court enjoined the respondent as prayed and the respondent has appealed.

In 1937 the Legislature enacted a comprehensive registration act governing the practice of engineering and architecture in this state. Laws 1937, c. 153, p. 592. It is the contention of the respondent that the foregoing act is unconstitutional and, if constitutional, the respondent has grandfather rights to practice professional architecture under the provisions of the act.

Respondent asserts that a part of Laws 1937, chapter 153, section 14, page 600, now section 81-853, R. R. S. 1943, is unconstitutional and void in that it permits certain persons to practice professional architecture without registration who are wholly unqualified, that the provision is discriminatory and tends to defeat the very purpose of the act which was created to protect the health, safety, and welfare of the public, and that as a result the act is void for improper classification in accomplishing the purposes of the act. The provision complained of states: "Nothing in sections 81-839 to 81-856 shall (1) prevent persons, mechanics or builders from making plans, specifications for or supervising the erection, enlargement or alteration of buildings, or any parts thereof, to be constructed by themselves or their own em-

ployees for their own use; Provided, that the working drawings for such construction are signed by the authors thereof with a true statement thereon of their relation to such construction and that the makers are not architects; * * *." The purpose of this exemption from the act was to permit persons to do professional architecture in planning and constructing their own buildings, providing they correctly show their relation to the construction on the drawings or plans. This latter provision was undoubtedly for the purpose of calling the matter to the attention of the person authorized to issue a building permit. We point out that the exemption applies to all persons constructing their own buildings, including the respondent. There is no discrimination as to persons in the class exempted.

Respondent contends, however, that the purpose of the act is to protect the health, safety, and welfare of the public, and that to permit persons to practice professional architecture in their own affairs is a discrimination in the accomplishment of the act. But this is the province of the Legislature. It is the established law of this state that the Legislature may for purposes of legislation make classifications, but a classification to be valid must rest on some reason of public policy or some substantial difference of situation or circumstances that naturally suggest the justice or expediency of diverse legislation with regard to the subject classified. Blauvelt v. Beck, 162 Neb. 576, 76 N. W. 2d 738; Terry Carpenter, Inc. v. Wood, 177 Neb. 515, 129 N. W. 2d 475. But the Legislature may properly prescribe the limits of its regulation. Here the Legislature concluded to exempt all persons from the statute while engaged in construction work for themselves, in the construction of buildings covering less than 5,000 square feet and the construction cost is less than $20,000, and other similar exemptions. The exemptions are uniform as to class. The extent of the regulation under such circumstances is within the scope of the Legislature's prerogative.

It is further contended that the act is unconstitutional in that it permits registered engineers to practice professional architecture and registered architects to practice engineering. The respondent admits that engineering and architecture are proper objects of regulatory legislation. This being so, it is for the Legislature to define the professions and to prescribe the requirements for registration. The determination by the Legislature that these two somewhat similar professions may each practice in the field of the other is peculiarly a legislative prerogative. The fact that the requirements of the statute for registration are the same for the two related professions does not amount to an improper classification or discrimination, the fixing of requirements being legislative in character, unless such requirements are so unreasonable as to prohibit the practice of an otherwise legitimate and useful profession or business. While it is true that registrations are granted by a joint board of engineers and architects, and the statutory qualifications for each are the same, the evidence shows that the board gives suitable examinations for each profession as the statute permits. While the act makes it no offense for an architect to practice engineering, or an engineer to practice professional architecture, the measure of the regulation and the punishment for its violation is legislative and, when reasonably classified with uniformity of operation as to class, we cannot say that the Constitution has been transgressed.

Statutes which are reasonably designed to protect the health, morals, and general welfare do not violate the Constitution where the statute operates uniformly on all within a class which is reasonable. This is so even if the statute grants special or exclusive privileges where the primary purpose of the grant is not the private benefit of the grantees but the promotion of the public interest. Here the act was admittedly in the public interest. The extent of the regulation is left to the wisdom of the Legislature. The Legislature may likewise grant

exemptions from such a statute where they are made applicable to all persons of the same class and similarly situated. Under this rule the Legislature may exempt persons from the requirements of a professional registration statute who have been engaged in the lawful practice of the profession in the state before its passage. State v. Call, 121 N. C. 643, 28 S. E. 517; Louisiana State Board of Medical Examiners v. Charpentier, 140 La. 405, 73 So. 248. Other exceptions and exemptions contained are likewise valid under the same reasoning.

The respondent concedes that he has never been registered under the act as a professional architect. He contends, even if the act be constitutional, that he holds grandfather rights under the act, and that he is not required to register.

The evidence shows that at the time of the adoption of the act, respondent was 20 years of age. He testifies that he was then engaged in professional architecture. The evidence shows that he was engaged in such professional work from that time on and until he was enjoined in the present suit. There is no evidence of incompetency in any of the work that he has performed. He attended high school for 4 years but did not graduate. He has had no formal education in professional architecture. He became engaged in the contracting business with his father and commenced the doing of architectural work at that time. He testifies that he obtained and filled out an application blank for registration as a professional architect under the grandfather provision and mailed it to the Board of Examiners for Professional Engineers and Architects, accompanied by a check for the amount of the fee. There is no evidence that the check was cashed. He never received a certificate of registration. Upon inquiry he was told that it was not issued because of his age. He made no effort to compel the issuance of a certificate by legal action. The records of the board show no application or action thereon. In 1946 he was interviewed by

the board without resulting action. He made application and took the examination to qualify as a professional architect in 1954 and 1955, and failed both examinations. He continued to practice professional architecture until this suit was commenced.

Laws 1937, chapter 153, section 9, page 596, provided in part: "At any time within one year after this Act becomes effective upon due application therefor and the payment of a registration fee of Fifteen Dollars ($15.00) the Board shall issue a certificate of registration, without written or oral examination, in Engineering or Architecture, to any professional engineer or architect who shall submit evidence, under oath, to the Board that he is of good character, has been a resident of the State of Nebraska for at least one year immediately preceding the date of his application." The proof of attempted compliance by respondent is at least unsatisfactory. In any event, he did not obtain his certificate within the year. He had 1 year to enforce his right to a grandfather certificate. This he did not do. He failed to pursue his legal remedy. Downs v. Nebraska State Board of Examiners, 139 Neb. 23, 296 N. W. 151; State ex rel. Krieger v. Board of Supervisors, 171 Neb. 117, 105 N. W. 2d 721. He has lost any grandfather right he may have had to a certificate. Section 81-852, R. R. S. 1943, makes it unlawful for any person to practice professional architecture without being registered and provides a criminal penalty therefor. Having failed to secure a certificate of registration within the time provided for exercising his grandfather right, or in any other manner provided by the act, the respondent stands in violation of the act and is properly enjoined from continuing such violation. State v. Chicago & N. W. Ry. Co., 147 Neb. 970, 25 N. W. 2d 824. In the cited case this court said: "Injunction is a proper remedy to be used by the state in the protection of public rights, property, or welfare, whether or not the acts complained of violate a penalty statute and whether or not they constitute a nuisance."

The purpose of an exception or grandfather clause is to exempt from the statutory regulations imposed for the first time on a trade or profession those members thereof who are then engaged in the newly regulated field on the theory that they who have acceptably followed such profession or trade for a period of years, or who are engaged therein on a certain date, may be presumed to have the qualifications which subsequent entrants to the field must demonstrate by examination. It is within the province of the Legislature to provide how, in what manner, and in what period of time the grandfather right may be exercised. If the right is not exercised as the statute prescribes, the right, being an exception to the general provisions of the act, is lost by the failure of the holder of the right to exercise it in accordance with the terms of the statute.

Respondent next contends that the act is void for uncertainty. We find the meaning of the act to be sufficiently clear and certain to avoid a charge of such indefiniteness as to violate constitutional requirements.

The failure of the state to enforce the provisions of the act against respondent for 25 years is asserted as an equitable estoppel against the state. We point out that the practice of professional architecture without registration, as required by the act, is a criminal offense. Long-continued violations of the criminal law cannot become the subject of equitable estoppel. In Caroli v. Saxl, 192 Misc. 887, 81 N. Y. S. 2d 213, a somewhat similar case, the court said: "Lastly it is claimed that if these tenants are evicted a great hardship will be done them in that it is exceedingly difficult for them to find space to operate in. This is undoubtedly true. It is also claimed that many of these tenants have occupied their present quarters for many years without interference from the municipal authorities. And that others similarly engaged occupy buildings of like character with the one involved. The last arguments are of no avail. It is no defense to the violation of a statute that others are

violating it or that the particular violation is of long standing." There is a dearth of cases in this jurisdiction on this question. We think, however, that Warren v. County of Stanton, 145 Neb. 220, 15 N. W. 2d 757, charts the proper course. It is there said: "It is the general rule that the doctrine of estoppel cannot be applied as against a municipal corporation to validate a contract which it has no power to make, or where it was made in express violation of a prohibitory law."

We conclude that Laws 1937, chapter 153, page 592, now sections 81-839 to 81-856, R. R. S. 1943, as amended, is a lawful exercise of the police power, that the classifications contained therein are reasonable, that the exemptions provided are uniform as to class, and that the act grants no special privileges or immunities. In all respects persons in the same class and similarly situated are uniformly treated without discrimination. Indefiniteness and uncertainty are not found. The grandfather clause was available to every person claiming such right upon an equal basis. Since the respondent failed to assert his grandfather rights within the time provided by the act, such rights have become lost. The action of the trial court in permanently enjoining the respondent from practicing professional architecture of the type requiring registration by the act, until such time as he shall become registered under the terms of the act, is correct and the trial court's judgment is affirmed.

AFFIRMED.