PETE ASCHENBRENNER, JR., AND MARY ASCHENBRENNER, HUSBAND AND WIFE, ROBERT J. ASCHENBRENNER AND PETE ASCHENBRENNER III, OWNERS, AND FEDERAL LAND BANK OF OMAHA, APPELLEES, v. NEBRASKA PUBLIC POWER DISTRICT, A PUBLIC CORPORATION AND POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLANT.

291 N. W. 2d 720

Filed April 29, 1980. No. 42640.

Barlow, Johnson, DeMars & Flodman and Raymond, Olsen & Coll, for appellant.

Wright & Simmons and John A. Selzer, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

Nebraska Public Power District (NPPD) appeals from an order entered by the District Court for Scotts Bluff County, Nebraska, dismissing its appeal of an appraisers' award in a condemnation proceeding. The appellee property owners moved to dismiss the appeal on the ground that NPPD failed to file an appeal bond on its appeal to the District Court pursuant to Neb. Rev. Stat. § 76-716 (Reissue 1976). NPPD contended that it was excused from this requirement by virtue of Neb. Rev. Stat. § 70-680 (Reissue 1976), adopted in 1971 as L.B. 310. The District Court found that the aforementioned sections could not be reconciled with each other, that § 70-680 was amendatory legislation, and that said section was unconstitutional under Neb. Const. art. III, § 14. We reverse and remand.

The principal issue presented herein is whether § 70-680 is unconstitutional. Said section provides:

> No bond for costs, appeal, supersedeas, injunction or attachment shall be required of any public power district or public power and irrigation district organized or created pursuant to the provisions of Chapter 70, article 6, or of any officer, board, head of any department, agent or employee of such public power district or public power and irrigation district in any proceeding or court action in which the public power district or public power and irrigation district or any officer, board, head of department, agent or employee is a party litigant in its or his official capacity.

The Legislature, in enacting this section, clearly intended to exempt public power districts from the requirement of posting appeal and supersedeas bonds. In the Hearings on L.B. 310 Before the Public Works Comm., 82d Leg., 1st Sess. (February 4, 1971), a proponent, Del E. Dirrim, stated:

As you are aware, the State of Nebraska and its various departments are exempt from filing bonds in their legal activities for appeals, supersedeas injunctions, etc. Four years ago the Legislature extended this exemption to municipalities, so at the present time municipal electric systems are not required to post bonds and pay the premiums therefor in their legal activities. Two years ago, the last session of the Legislature, the Legislature extended this exemption to the Metropolitan Utilities District . . . or metropolitan utilities districts — I believe there is only one. The language of this bill is the verbatim language of last year's bill which extended this exemption to the metropolitan utilities districts, with the exception of the fact that it makes reference to districts formed under Chapter 70, Article 6, or public power districts, rather than metropolitan utilities districts.

The District Court found that § 70-680 violated the provisions of Neb. Const. art. III, § 14, which section provides, in part, as follows: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title. And no law shall be amended unless the new act contain the section or sections as amended and the section or sections so amended shall be repealed."

This court has had occasion to consider the applicability of this provision of our Constitution on numerous occasions. Guidelines in this area were set out in *State ex rel. Douglas v. Gradwohl,* 194 Neb. 745, 235 N.W.2d 854, (1975), wherein we stated:

In State v. Greenburg, 187 Neb. 149, 187 N. W. 2d 751, we said: "The constitutional provision that amendatory acts shall contain the section amended does not apply to an independent act which is complete in itself. . . .

The constitutional provision is applicable to an act which is not complete in itself, but relates to other existing statutes by changing them in part so that the changes and the existing provisions result in a connected piece of legislation covering the same subject matter." In Bodenstedt v. Rickers, 189 Neb. 407, 203 N. W. 2d 110, we held: "If an act is complete and independent in itself, it may incidentally amend, modify, or have impact upon the provisions of existing statutes without controverting the provisions of the Constitution relating to amendments set out in Article III, section 14."

*Id.* at 751, 235 N.W.2d 859.

Even more succinct was our statement in *Blackledge v. Richards,* 194 Neb. 188, 231 N.W.2d 319 (1975):

The purpose of Article III, section 14, of the Nebraska Constitution, is to prevent surreptitious legislation. This court will not strike down an act of the Legislature under this provision of the Constitution if it can be said that the title calls attention to the subject matter of the bill.

*Id.* at 192, 231 N.W.2d 323.

In examining the validity of a legislative act, this court has often stated that all reasonable doubts must be resolved in favor of its constitutionality. *State ex rel. Douglas v. Nebraska Mortgage Finance Fund,* 204 Neb. 445, 283 N.W.2d 12 (1979); *Prendergast v. Nelson,* 199 Neb. 97, 256 N.W.2d 657 (1977); *Dwyer v. Omaha-Douglas Public Building Commission,* 188 Neb. 30, 195 N.W.2d 236 (1972); *United Community Services v. The Omaha Nat. Bank,* 162 Neb. 786, 77 N.W.2d 576 (1956).

Of special interest in this connection is *Department of Banking v. Foe,* 136 Neb. 422, 286 N.W. 264 (1939). That case involved the validity of a legislative act enacted for the purpose of permitting the

garnishment of salaries of public officers and employees. In holding the act to be constitutionally permissible under Neb. Const. art. III, § 14, this court stated:

Defendant contends that chapter 58, Laws 1925, is amendatory, in that it amends, by addition and by reference to it in terms, the general garnishment laws. The title to said chapter 58 is as follows: "An act to provide for garnishment of officers and employees of the state of Nebraska or any county, township, municipal corporation, municipally owned corporation, or school district." Section 1 of the act in part provides: "That all provisions, requirements, conditions and exemptions, of the garnishment laws of the state of Nebraska, shall apply to all state, county, municipal, municipally owned corporation, township and school district officers and employees, to the same extent and effect as such laws apply under the existing statutes of the state of Nebraska to officers and employees of private corporations."

This court held in *State v. Ure,* 91 Neb. 31, 135 N.W. 224: "The mere fact than an act of the legislature adopts the provisions of prior acts by reference thereto does not render the new act amendatory of the acts to which reference is made if in other respects it is a complete act in itself." The above holding was quoted in the case of *Sheridan County v. Hand,* 114 Neb. 813, 210 N.W. 273.

The act in question, as shown by the title, discloses conclusively that it purports to be an independent, separate and new act, covering the entire subject to which it relates, and, as it is not amendatory, it does not run counter to section 14, art. III of the Constitution, providing: "No law shall be amended

unless the new act contain the section or sections as amended and the section or sections so amended shall be repealed." See, also, *State v. Moorhead,* 100 Neb. 298, 159 N.W. 412, and *Richardson v. Kildow,* 116 Neb. 648, 218 N.W. 429. In the latter case it was held: "Where a legislative act, though complete in itself, refers to another act for the procedure to be taken, the latter act, *pro tanto,* becomes a part of the former to the same extent as though actually incorporated therein."

*Id.* at 427, 286 N.W. 267.

With the foregoing authorities in mind, we conclude that § 70-680 is not violative of Neb. Const. art. III, § 14. It cannot be disputed that the title of § 70-680 calls attention to and makes clear the purpose and subject matter of the statute. We believe that the situation presented in this case is directly analogous to *Department of Banking v. Foe, supra,* and cannot be distinguished from that case. Moreover, the reasoning employed therein is convincing. Section 70-680 is complete in and of itself, covering the entire area relating to supersedeas and appeal bonding requirements for public power districts. The District Court was therefore incorrect in finding that the legislation herein was amendatory and violative of Neb. Const. art. III, § 14.

The practical difficulty of adopting a contrary rule was well stated in *De France v. Harmer,* 66 Neb. 14, 92 N.W. 159 (1902), where this court said:

A very great number of our original enactments, indirectly and by implication, amend pre-existing statutes. Take for example the homestead law. It amends the decedents' act, the law on the subject of real estate, the married woman's act and the Code of Civil Procedure. It is quite probable that other acts have even a wider influence. To hold

that a re-enactment and publication of every statute thus amended is required by the constitution would bring confusion and disaster. It would, as is said in *People v. Mahaney,* [13 Mich. 481], make it impossible to tell what the law is.

*Id.* at 17, 92 N.W. 160.

It is also contended that the statute violates Neb. Const. art. III, § 18 as it grants special privileges and immunities to public power districts. That section provides: "The Legislature shall not pass local or special laws in any of the following cases, that is to say:

. . .

"Granting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever . . . ."

This court has often stated that the power of classification rests with the Legislature and cannot be interfered with by the courts unless it is clearly apparent that the Legislature has by artificial and baseless classification attempted to evade and violate provisions of the Constitution prohibiting local and special legislation. *State ex rel. Douglas v. Nebraska Mortgage Finance Fund, supra; Dwyer v. Omaha-Douglas Public Building Commission, supra; City of Scottsbluff v. Tiemann,* 185 Neb. 256, 175 N.W.2d 74 (1970).

In *State ex rel. Meyer v. Knutson,* 178 Neb. 375, 379, 133 N.W.2d 577, 581 (1965), we stated:

Statutes which are reasonably designed to protect the health, morals, and general welfare do not violate the Constitution where the statute operates uniformly on all within a class which is reasonable. This is so even if the statute grants special or exclusive privileges where the primary purpose of the grant is not the private benefit of the grantees but the promotion of the public interest.

Section 70-680 does not impermissibly grant to

public power districts privileges, immunities, or exclusive franchises because of classification. In fact, we believe the statute is in the public interest because it excuses public power districts from the necessity of posting appeal and supersedeas bonds. Such bonds are not necessary since there is little possibility of a public power district being unable to satisfy a judgment rendered against it. The exemption from bonding requirements obviates the necessity of payment of bond premiums and decreases the costs of operation, thus aiding these bodies in minimizing their charges to the consumers. We conclude that the section does indeed promote a public interest which makes the classification reasonable. We find that § 70-680 does not violate Neb. Const. art. III, § 18.

We hold that the District Court was in error in dismissing the action and reverse and remand this matter for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

CLINTON, J., not voting.