REQUESTED BY: Senator John DeCamp Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator DeCamp:
This is in response to your letters of March 13 and 18, 1981, concerning LB 132. Your question deals specifically with the `classification of municipalities' under sections 26 through 34 of that bill, and whether the `classification' contained therein is in violation of the Nebraska Constitution, Article III, Section 18, which prohibits local or special legislation.
It is first necessary to establish the nature of this `classification' contained in these particular sections of LB 132. The bill itself deals with the formation of an agency by cooperating municipalities to provide various services involving the distribution of water, the generation and transmission of power, and the disposal of sewage. The sections in question basically provide that when any group of municipalities files for the creation of such an organization, if any of these municipalities have received more than 50 percent of their power requirements for any one year during the previous five years from the date of the act from a public power district, electric cooperative corporation, or a rural power district, the Department of Water Resources must then investigate the proposed agency in the interest of the public convenience and welfare, to insure that there is no duplication of services or any conflict or material effect upon the operation of any of the above existing organizations established under Chapter 70, Articles 6, 7 and 8 of the Nebraska Revised Statutes, before approving the proposed organization. These sections also provide that the Nebraska Power Resources Board may be requested to make additional investigations into the matter, and that any final decision of the Department of Water Resources may be appealed to the Nebraska Supreme Court. It should also be noted in this regard that section 28 of LB 132 attempts to limit the establishment of these municipal cooperative organizations in any situation where there would be a direct conflict with the operation of any of the existing organizations under Chapter 70, Articles 6, 7 and 8, including any duplication of their facilities or services.
While it is arguable that these sections of LB 132 do establish classifications of a sort, they do not establish any hard and fast categories which automatically prevent a municipality from participating in such a cooperative agency. Rather, these sections merely establish a criterion for a more detailed examination or investigation into the necessity of forming such an organization. All this appears to be a reasonable attempt to avoid unnecessary duplication of services and facilities, and unnecessary competition between existing organizations created by other acts of the Legislature which provide the same services as the proposed organizations. It seems fairly safe to assume that permitting such duplication and competition to occur would not be in the public interest.
The Nebraska Supreme Court in State ex rel. Douglas v.Marsh, 207 Neb. 598, ___ N.W.2d ___ (1980), recently dealt with questions of special legislation and in doing so stated as follows:
 "It is competent for the Legislature to classify objects of legislation and if the classification is reasonable and not arbitrary, it is a legitimate exercise of legislative power. Citations omitted. The classification must rest upon real differences in situation and circumstances surrounding members of the class relative to the subject of the legislation which renders appropriate its enactment. Citations omitted. The power of classification rests with the Legislature and cannot be interfered with by the courts unless it is clearly apparent that the Legislature has by artificial and baseless classification attempted to evade and violate provisions of the Constitution prohibiting local and special legislation. Citation omitted. A legislative classification, in order to be valid, must be based upon some reason of public policy, some substantial difference of situation or circumstances, that would naturally suggest the justice or expediency of diverse legislation with respect to the objects to be classified. Classifications for the purpose of legislation must be real and not illusive; they cannot be based on distinctions without a substantial difference. Citations omitted." (Emphasis in original.)
Id. at 608, 609.
These particular sections of LB 132 do not really establish classifications in the traditional sense, in that there is not a grant of special privilege or immunity to a particular class, but merely the establishment of a criterion for greater scrutiny if and when a municipality which meets certain conditions attempts to participate in the formation of a municipal cooperative agency. However, even if it could be said that these provisions form separate classes of municipalities with differing privileges, it does not appear that a rational basis for this different treatment is lacking in this case, which in turn would result in these particular sections being held unconstitutional.
In another recent case, Aschenbrenner v. Nebraska PublicPower District, 206 Neb. 157, ___ N.W.2d ___ (1980), the court in quoting from State ex rel. Meyer v. Knutson,178 Neb. 375, 379, 133 N.W.2d 577, 581 (1965), stated that:
 Statutes which are reasonably designed to protect the health, morals, and general welfare do not violate the Constitution where the statute operates uniformly on all within a class which is reasonable. This is so even if the statute grants special or exclusive privileges where the primary purpose of the grant is not the private benefit of the grantees but the promotion of the public interest.
Id. at 163.
The differing treatment provided municipalities in sections 26 through 34 of LB 132, as indicated above, appears to be based on a legitimate legislative concern for the prevention of unnecessary duplication of facilities and services, and unnecessary competition between various overlapping public power providers, all of which is in the public interest. In this regard, these particular sections of LB 132 do not appear to establish an impermissible classification and are in our opinion constitutional.
Very truly yours, PAUL L. DOUGLAS Attorney General John Boehm Assistant Attorney General