REQUESTED BY: Senator Loran Schmit Nebraska State Legislature Unicameral, State Capitol Lincoln, Nebraska 68509
Dear Senator Schmit:
In your letter to this office dated April 15, 1981, you asked `is LB 184, as originally introduced, constitutional?' From subsequent conversations with your staff, we understand that your opinion request now relates to the amendments to LB 184, and that you now wish to know whether those amendments are constitutional. Our opinion is set forth below.
The amendments which are the subject of this opinion strike the original sections of LB 184 and provide that no insurance company shall directly or indirectly own, acquire, or otherwise obtain an interest, whether legal, beneficial, or otherwise in any title to any agricultural land in this state. Certain types of ownership are exempted from this prohibition including bona fide encumbrances taken for purposes of security and ownership where insurance companies acquire agricultural lands in the process of collection of debts. In the latter instance, the lands obtained by the process of collection of debts shall be disposed of within ten years after the title is acquired. The amendments to LB 184 contain definitions of `agricultural land' and other pertinent terms.
The amendments further alter various sections of the Nebraska Revised Statutes dealing with insurance so that those statutes prohibit insurance companies from owning agricultural lands for investment purposes. Under the amendments to LB 184, no foreign or alien insurance company shall invest in agricultural land located in the State of Nebraska. The amendments also contain various enforcement provisions which are not pertinent to this discussion.
Legislation similar to the original LB 184 has been considered on numerous occasions by this office. See, Reportof the Attorney General, 1971-1972, No. 86 at p. 201 and No. 118 at p. 275; Report of the Attorney General, 1973-1974, No. 116 at p. 159; Report of the Attorney General, 1975-1976, No. 5 at p. 5 and No. 40 at p. 43; Reportof the Attorney General, 1977-1978, No. 44 at p. 62 and No. 172 at p. 258. In our most recent opinion on this subject, dated April 13, 1981, we stated that the original LB 184, a form of so-called `family farm' legislation, was of suspect constitutional validity. We based this opinion on the rationale expressed in our earlier opinions; namely, that legislation preventing certain types of corporations from owning agricultural land involved an improper overextension of the Legislature's police power and an improper and invalid legislative classification of corporations in contravention of Article XII, Section 1, and Article III, Section 18, of the Nebraska Constitution pertaining to special laws. Many of the same questions are involved here.
We are mindful that, in general, it is held that the insurance business so affects the public interest that insurance companies may be generally regulated by the state under its police power. 43 Am.Jur.2d, Insurance, § 51, 44 C.J.S., Insurance, § 56. As is stated in 19 Appleman,Insurance Law and Practice, § 10321 (1946):
 A state has the unquestioned power to regulate insurance companies and a method of conducting that kind of business. The business of insurance is considered not to be merely a private right, but a matter of public concern a franchise subject to regulation by the state for the public good. And in such regulation, the legislatures are considered to have large powers and wide discretion.
 The business of insurance is ordinarily deemed to be quasi public in nature, impressed with the public use, so that its regulation, supervision and control are authorized and required to protect the general public in safeguarding the interests of all concerned. Insurance companies are, therefore, subject to such regulation as the state may see fit to impose, so far as such laws and regulations are reasonable.
However, we must still consider whether those amendments involve an improper and invalid form of special law in violation of our Nebraska Constitution.
Article XII, Section 1, of the Nebraska Constitution provides, in part:
 The Legislature shall provide by general law for the organization, regulations, supervision and general control of all corporations, . . . No corporations shall be created by special law, . . .
Article III, Section 18, of the Nebraska Constitution also provides that the Legislature shall not pass local or special laws which grant `to any corporation, association, or individual any special or exclusive privileges.' Under the amendments to LB 184, insurance companies are classified differently than other types of corporations in instances where they would own agricultural land. Therefore, the question becomes whether this classification involves an invalid special law under our Nebraska Constitution.
Our Supreme Court has stated that the Legislature may classify objects of legislation if the classification is reasonable and not arbitrary, and if the classification is a legitimate exercise of the legislative power. City ofScottsbluff v. Tiemann, 185 Neb. 256, 175 N.W.2d 74
(1970). Moreover, `[T]he power of classification rests with the Legislature and cannot be interfered with by the courts unless it is clearly apparent that the Legislature has by artificial and baseless classification attempted to evade and violate provisions of the constitution prohibiting local and special legislation.' Id. at 266, 175 N.W.2d at 81. Our Supreme Court has also stated, `statutes which are reasonably designed to protect the health, morals, and general welfare do not violate the constitution where the statute operates uniformly on all within a class which is reasonable.'State v. Knutson, 178 Neb. 375, 379,133 N.W.2d 577, 581 (1965). Thus, classifications do not violate the sections of our Constitution cited above if they are reasonable, if they operate uniformly on all members of the class, and if they are reasonably designed to protect the health, morals and general welfare under the police power of the state.
The prohibitions expressed in the amendments to LB 184 would operate uniformly on all insurance companies doing business in the State of Nebraska. However, we can find in these amendments no reasonable purpose which is related to the protection of the general welfare of the state nor specifically the protection of policyholders, potential policyholders, insurance creditors, or other interests relating to insurance.
We are convinced that it would be especially difficult to defend these amendments constitutionally when other provisions of the very statutes amended continue to permit insurance companies to invest in city real estate; in common stocks of any corporation, provided they have had earnings available for payment of dividends of not less than $100,000 per annum for not less than three years; in the ownership of production payments payable from oil, gas, other hydrocarbons or minerals in producing properties; and in other investments which history tells us are no more related to the protection of the general public or persons dealing with insurance companies then investments in agricultural land.
Another example is section 5 of LB 184 which amends Neb.Rev.Stat. § 44-311.03; this section permits every domestic legal reserve life insurance company to invest its funds, in excess of its total liabilities except capital, in any kind of property, including real, personal or mixed which is not otherwise qualified for investment, including investment in stock or debt obligations of subsidiary companies; but, by the present amendments, it may not invest in agricultural land.
In summary, it is our opinion that the prohibitions against insurance companies owning interests in agricultural land, as provided by the amendments to LB 184, cannot be justified as a reasonable exercise of the police power and could not be successfully defended against a claim that they violated the constitutional provisions mentioned above.
Respectfully submitted, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General