REQUESTED BY: Senator Samuel K. Cullan Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Cullan:
This is in reply to your inquiry concerning LB 505 in which you inquire whether or not it violates Article III, Section 18, of the Nebraska Constitution. You specifically ask if the authorization to grant mandatory tax check-off funds for the purposes set forth in the bill is the granting of a special privilege in derogation of a common right within the meaning of the above constitutional provision.
Specifically, LB 505 authorizes the Nebraska Wheat Development, Utilization and Marketing Board to grant from their fund to individuals, firms, companies and other persons for the encouragement and construction of alcohol plants.
Other sections make similar provisions for the boards relating to soybeans, corn, and grain sorghum.
The bill is not limited to any specific individuals or companies or classes of individuals or companies but purports to be general and uniform throughout the class engaged in the construction of alcohol plants.
In the case of Bauer v. Game, Forestation Parks Commission,138 Neb. 436, 293 N.W. 282 (1940), the Supreme Court of Nebraska was called upon to determine whether a legislative bill setting aside a certain area as a game refuge was a local or special law in violation of the above constitutional provision. In interpreting that provision the court stated:
 A law is not local or special is a constitutional sense that operates in the same manner upon all persons in like circumstances. `General laws are those which relate to or bind all within the jurisdiction of the lawmaking power, and if a law is general and operates uniformly and equally upon all brought within the relation and circumstance for which it provides it is not a local or special law in the constitutional sense.' Citations omitted.
More recently, the Supreme Court of Nebraska again interpreted this provision of the Constitution as it related to the Nebraska Mortgage Finance Fund. The court there held that the act applied equally to all persons within the class and that it was permissible for the Legislature to make classifications, provided they were made upon some reasonable basis. The court then stated:
 We have many times said that the power of classification rests with the Legislature and cannot be interfered with by the courts unless it is clearly apparent the Legislature has by artificial and baseless classification attempted to evade and violate provisions of the Constitution prohibiting local and special legislation. Dwyer v. Omaha-Douglas Public Building Commission, 188 Neb. 30, 195 N.W.2d 236; City of Scottsbluff v. Tiemann, 185 Neb. 256, 175 N.W.2d 74.
 Statutes which are reasonably designed to protect the health, morals, and general welfare do not violate the Constitution where they operate uniformly on all within a class which is reasonable. This is so even if a statute grants special or exclusive privileges where the primary purpose of the grant is not the private benefit of the grantees but the promotion of the public interest. State ex rel. Meyer v. Knutson, 178 Neb. 375, 133 N.W.2d 577. The Act does not impermissibly grant to the Fund privileges, immunities, or exclusive franchises because of classification. The classification is constitutionally reasonable and proper.
The court had previously determined in the same case that the purpose of the act was to assist private mortgage lenders in providing mortgage financing for single family residences at reduced interest rates for low and moderate income families and this was a public purpose. State exrel. Douglas v. Nebraska Mortgage Finance Fund, 204 Neb. 445,283 N.W.2d 12 (1979).
As you know, in that case, as in the present instance, the fund was administered by what the court determined to be a governmental body related to state government.
The declared purpose of the laws setting up the various grain boards and funds is the promotion of these industries in Nebraska for the general welfare. The encouragement of alcohol plants falls within this general purpose even though their is also a benefit to individuals and companies.
While this declaration is not binding on the courts, we feel the purpose here is as much of a public purpose as was present in the Nebraska Mortgage Finance Fund case.
For the foregoing reasons, it is our opinion that the amendments to LB 505 are not in violation of Article III, Section 18, of the Constitution of Nebraska.
This opinion is limited to an evaluation of LB 505 in its relation to Article III, Section 18, of the Nebraska Constitution about which you specifically inquired.
Respectfully submitted, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General