FERGUSON, Judge.
Lora, a private investigator and reposses-sor, had his license revoked after a conviction in 1985 for burglary, unlawful interception of oral and wire communications, and criminal conspiracy. The conviction was entered on a guilty plea where adjudication was withheld.
The Division of Licensing brought an administrative action for license revocation pursuant to sections 493.319(l)(c) and (3), Florida Statutes (1989). An informal hearing was conducted in accordance with section 120.57, Florida Statutes (1989).
Mr. Lora makes four arguments: (1) The agency action must be reversed as it was based on a retroactive application of section 493.319(3), which was not enacted until two years after Lora’s conviction; (2) the revocation was not supported by the evidence; (3) there has been no final determination of guilt in that the conviction based on the plea is the subject of a pending appeal; and (4) the agency is equitably estopped from revoking the license until the appeal is final. None of the arguments are grounds for reversing the revocation order.
We need not decide whether a retroactive application of section 493.319(3) would be permissible. This administrative action, unlike Middlebrooks v. Department of State, 565 So.2d 727 (Fla. 1st DCA 1990), on which the appellant relies, was instituted pursuant to section 493.319(l)(c) which was in existence prior to the 1985 convictions.
Second, the appellant’s plea to the charges of burglary, unlawful interception of communications, and criminal conspiracy is sufficient proof to justify disciplinary action. It is not disputed that the crimes are directly related to the business for which the license was issued.
Third, the conviction for the offenses enumerated above is final as no appeal was taken from the disposition of that prosecution. The pending action to which the appellant refers is a collateral attack on the convictions pursuant to post-trial motions for relief. Collateral attacks on criminal judgments do not affect the finality of those judgments. The Florida Bar v. MacGuire, 529 So.2d 669 (Fla.1988), cert. denied, — U.S.-, 110 S.Ct. 413, 107 L.Ed.2d 378 (1989).
Finally, principles of equitable estoppel do not apply to prevent a governmental entity from enforcing statutorily mandated penal actions against those who violate the laws. See e.g., City of New York v. New York State Dept. of Envtl. Conserv., 89 A.D.2d 274, 456 N.Y.S.2d 462 (N.Y.App.Div.1982) (equitable estoppel can never be used to prevent state from enforcing its laws); State v. Knutson, 178 Neb. 375, 133 N.W.2d 577 (1965) (equitable es-toppel is not a defense against state’s enforcement of criminal statute).
Affirmed.