610 So.2d 1375 (1992)
Leslie F. KELLY, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 91-02310.
District Court of Appeal of Florida, Second District.
December 30, 1992.
*1376 Marshall G. Slaughter, Winter Haven, for appellant.
No appearance for appellee.
HALL, Judge.
The appellant, Leslie F. Kelly, challenges a final order entered by the Department of Health and Rehabilitative Services (HRS), rejecting his request for an expunction of his name from the Child Abuse Registry as a confirmed perpetrator. Kelly contends HRS erred in concluding that his plea of no contest to criminal charges of child abuse required a finding that Kelly was in fact a confirmed perpetrator of such abuse. We agree with Kelly's contentions in this regard and reverse.
Kelly assisted his wife in a babysitting service. On January 31, 1990, Kelly was caring for a two-year old child in his wife's absence. On that occasion, it became necessary for Kelly to change the child's diapers. While doing so, the child became irritable and began squirming. In an effort to control the child and keep him from falling off of the changing table, Kelly, admittedly, struck the child one time on the buttocks.
Later that same day when the child returned to his home, his parents noticed what appeared to be bruises and abrasions on the child in the area of his scrotum. There were also red marks on the child's buttocks. The child was immediately taken to the hospital and, shortly thereafter, an HRS investigation of Kelly ensued. The investigation resulted in a verification of complaints that the child had been subjected to "bruises/welts," "excessive corporal punishment/beatings," and "sexual molestation" by Kelly. Kelly was subsequently criminally charged and convicted of child abuse upon a no contest plea.
Upon verifying the instant complaints against Kelly, HRS informed Kelly that he would be placed in the Florida Protective Services System as a confirmed perpetrator of child abuse. That is, his name would be placed in the Child Abuse Registry. As provided by section 415.504(4)(d)(1)(b), Florida Statutes (1991), Kelly filed a request with HRS to amend its Child Abuse Registry by expunging his name therefrom. HRS, however, denied the request. Kelly thus requested an administrative hearing on the matter pursuant to section 415.504(4)(d)(1)(b) and Chapter 120, Florida Statutes.
After a full hearing, the administrative hearing officer found HRS failed to carry its burden of proof that a confirmed act of child abuse had taken place. Specifically, the hearing officer found that HRS failed to show that Kelly's proven conduct in fact constituted abuse or that the marks found on the child resulted when Kelly "smacked" the child. The hearing officer thus entered an order recommending that HRS amend its confirmed child abuse report and expunge Kelly's name from its records as a confirmed perpetrator.
HRS filed exceptions to the hearing officer's recommended order, contending that, pursuant to section 415.503(10), it would be proper to classify Kelly as "indicated-perpetrator undetermined" because there was some evidence of abuse or neglect. Under those circumstances, Kelly's name *1377 would be removed from the abuse registry as a confirmed perpetrator, but would thus remain with the aforementioned "indicated-perpetrator undetermined" classification.
The above-noted exceptions notwithstanding, HRS thereafter entered a final order stating that it adopted the hearing officer's conclusions of fact and, for the most part, conclusions of law, but the fact Kelly pled no contest to charges of child abuse and was adjudicated guilty thereof by a court of law, confirmed the abuse. HRS thus, again, refused Kelly's request for expunction.
Section 120.57(1)(b)(10), provides:
The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law.
Though the final order entered by HRS purports to adopt the hearing officer's findings of fact, HRS rejects the hearing officer's conclusions of law to the extent they are inconsistent with the following:
A person who pleads nolo contendere to the criminal offense of child abuse ... is disqualified from licensure or employment as a caretaker in a child care facility. Section 402.305(1)(a)(19), Florida Statutes (1989). [Footnote omitted.] Likewise, the statutory disqualification is triggered by a confirmed report of abuse in the abuse registry.
Facts established in a criminal prosecution may not be relitigated in an administrative forum. Lora v. Department of State, 569 So.2d 840 (Fla. 3d DCA 1990); McGraw v. Department of State, 491 So.2d 1193 (Fla. 1st DCA 1986); The Florida Bar v. Vernell, 374 So.2d 473 (Fla. 1979).
Pursuant to chapter 402, a no contest plea to child abuse, alone, disqualifies one from licensure or employment as a caretaker  irrespective of whether the alleged perpetrator's name is in the Child Abuse Registry. We therefore find that such a legal conclusion is irrelevant to the issue of whether Kelly is entitled to an expunction of his name from the Child Abuse Registry as a confirmed perpetrator. We thus shall go on to address only the legal proposition asserted by HRS that facts established in a criminal prosecution may not be relitigated in an administrative forum.
As a general rule, a judgment of conviction, in and of itself, is not conclusive proof of the facts upon which it is based. Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla. 1984); Nunez v. Gonzalez, 456 So.2d 1336 (Fla. 2d DCA 1984); Wallace v. Fisher, 567 So.2d 505 (Fla. 5th DCA 1990); In re Forfeiture of a 1981 Automobile, 432 So.2d 732 (Fla. 4th DCA 1983). An exception to that rule exists, however, where a judgment of conviction is based upon a guilty plea. In that instance, a defendant is estopped from denying his guilt of the subject offense in a subsequent civil action. Paterno v. Fernandez, 569 So.2d 1349 (Fla. 3d DCA 1990); Lora v. Department of State, Division of Licensing, 569 So.2d 840 (Fla. 3d DCA 1990). That exception operates even in the absence of an adjudication of guilt. Smith v. Bartlett, 570 So.2d 360 (Fla. 5th DCA 1990). See also Lora. A no contest plea, on the other hand, represents only an accused's unwillingness to contest charges against him, and does not constitute an admission of guilt and may not be used as direct evidence of guilt in a civil suit or in an administrative proceeding. Wyche v. Florida Unemployment Appeals Comm'n, 469 So.2d 184 (Fla. 3d DCA 1985), and cases cited therein. See e.g. Holland v. Fla. Real Est. Comm'n, 352 So.2d 914 (Fla. 2d DCA 1977).
Section 415.504(4)(d)(3) provides that in an administrative hearing for expunction HRS "shall prove by a preponderance of the evidence that the alleged perpetrator committed the abuse." That section, *1378 however, does not provide that a conviction of child abuse will be deemed conclusive proof that such abuse actually took place. Nor is it provided anywhere in chapter 415 that an alleged perpetrator's name will be entered into the abuse registry simply upon a conviction of child abuse.
The record shows, through expert medical testimony, that the marks on the child's buttocks  those which could be attributed to Kelly's "smacking" of the child  were of the same approximate age. The expert testimony also established, however, that the abrasions around the child's rectum and scrotum could have occurred before the date of the incident at issue and could not have been caused by spanking. The record further shows that the child suffered no internal injuries, that Kelly had cared for the child on previous occasions without incident, and that the child was somewhat constipated and had passed blood in his stool the day before he was placed in Kelly's care.
Since, based on the foregoing, the hearing officer's factual findings were supported by substantial, competent evidence, and since a conviction of child abuse, without more, is not conclusive proof, as a matter of law, that the alleged abuse actually took place, we find HRS improperly rejected the hearing officer's conclusions and recommendations and denied Kelly's request for expunction.
This court does not suggest that Kelly's criminal conviction is meaningless. We hold only that for purposes of Kelly's entitlement to expunction of his name from the child abuse registry, his conviction was insufficient proof that the alleged abuse actually took place. Pursuant to chapter 402, however, Kelly is indeed disqualified from licensure or employment as a caretaker by virtue of his no contest plea to criminal charges of child abuse. Since there was an adjudication of guilt in the criminal case, there is no danger that he can move to have his conviction expunged and thereby avoid the disqualification provisions.
It should finally be noted that while we determine that Kelly is entitled to an expunction of his name from the registry as a confirmed perpetrator, we make no determination as to whether he could properly remain in such with an "indicated  perpetrator undetermined" classification.
Accordingly, the order denying Kelly's request for an expunction of his name from the Child Abuse Registry as a confirmed perpetrator is reversed and remanded for proceedings consistent herewith.
SCHOONOVER, A.C.J., and PARKER, J., concur.