529 So.2d 669 (1988)
THE FLORIDA BAR, Complainant,
v.
William A. MacGUIRE, Respondent.
No. 70322.
Supreme Court of Florida.
June 2, 1988.
Rehearing Denied September 8, 1988.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel and James N. Watson, Jr., Bar Counsel, Tallahassee, for complainant.
William A. MacGuire, Orange, Va., in pro. per.
PER CURIAM.
This case is before us on a complaint of the Florida Bar and report of the referee. We have jurisdiction under article V, section 15, Florida Constitution.
William MacGuire pled nolo contendere and was found guilty on August 8, 1986 of violating sections 838.021 and 836.10, Florida Statutes (1985), for making verbal and written threats to kill the then-Governor of Florida, Bob Graham. As a result of these felony convictions, MacGuire was suspended from the practice of law on September 9, 1986. The Florida Bar subsequently filed a complaint against MacGuire alleging that he had violated article XI, rule 11.02(3)(a) of the Integration Rule (any act contrary to honesty, justice or good morals) and that he had violated the following Disciplinary Rules of the Code of Professional Responsibility: DR 1-102(A)(1) (violating a disciplinary rule); DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude); and DR 1-102(A)(6) (engaging in conduct that adversely reflects on one's fitness to practice law). The Bar asked that he be disbarred from the practice of law.
A referee was appointed and a final hearing was set for June 12, 1987. On June 7, 1987, MacGuire filed a motion for continuance and an objection to final hearing which were both denied. MacGuire failed to appear on the date set for final hearing. The referee recommended that MacGuire be found guilty of violating article XI, rule 11.02(3)(a) of the Integration Rule (acting contrary to honesty, justice or good morals); DR 1-102(A)(1) (violating a disciplinary rule); DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude); and DR 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law). The referee further recommended that MacGuire be disbarred.
MacGuire argues that the referee acted prematurely and should have granted a stay of the disciplinary proceedings because *670 under rule 3.850, Florida Rules of Criminal Procedure, a criminal defendant has two years from his conviction date in which to attack his judgment or sentence. Therefore, MacGuire argues that his conviction cannot be final until the expiration of the two year period in which to file a rule 3.850 motion. This argument lacks merit because the two-year provision of rule 3.850 is a time limit for making a collateral attack and does not establish the finality of a conviction. While the lack of finality of MacGuire's conviction would not necessarily preclude disbarment, cf. rule 3-7.2(h), Rules of Discipline of The Florida Bar, it is clear from the record that he has filed no appeal.
MacGuire's second argument is that his conviction is void because he was not indicted by a grand jury for these offenses, but rather was charged by information which was signed by an assistant state attorney. It is unnecessary to address the substantive weakness of this contention because rule 3-7.2(b), Rules of Discipline of The Florida Bar, provides that judgments of guilt shall be conclusive proof of guilt of the criminal offenses charged. See The Florida Bar v. Vernell, 374 So.2d 473 (Fla. 1979) (referee not authorized to go behind conviction in order to determine guilt).
Accordingly, we hereby adopt the referee's recommendations as to guilt and discipline. William MacGuire is hereby found guilty of violating article XI, rule 11.02(3)(a) of the Integration Rule, DR 1-102(A)(1); DR 1-102(A)(3); and DR 1-102(A)(6). He is disbarred from the practice of law in Florida effective immediately. Judgment for costs in the amount of $386.43 is hereby assessed against William A. MacGuire, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.