593 So.2d 1047 (1992)
THE FLORIDA BAR, Complainant,
v.
N. Alfred WINN, Respondent.
Nos. 75998, 76396.
Supreme Court of Florida.
February 27, 1992.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Joseph A. Corsmeier, Asst. Staff Counsel, Tampa, for complainant.
N. Alfred Winn, in pro. per.
PER CURIAM.
This disciplinary proceeding is before the Court on complaint from The Florida Bar *1048 and the referee's report. We have jurisdiction. Art. V, § 15, Fla. Const.
In the proceedings below, the referee found that attorney N. Alfred Winn has been convicted of federal felonies involving conspiracy to kidnap a person for ransom, mailing a threatening communication in furtherance of the conspiracy, and perjury. He was sentenced to 235 months in federal prison followed by five year's probation. Winn presently is incarcerated in federal prison at Marianna, Florida. He was suspended from the practice of law by order of this Court on June 28, 1990.
The referee found four aggravating factors. Winn previously has been disciplined for violations of the standards of professional ethics. The Fla. Bar v. Winn, 545 So.2d 1369 (Fla. 1989); The Fla. Bar v. Winn, 208 So.2d 809 (Fla.), cert. denied, 393 U.S. 914, 89 S.Ct. 236, 21 L.Ed.2d 199 (1968). In addition, the referee concluded that Winn committed the criminal acts in question out of a desire for pecuniary gain, had exhibited a pattern of misconduct involving multiple offenses, and had done these things despite substantial experience in the practice of law. The referee found no mitigating factors. Accordingly, the referee recommended disbarment.
Winn has responded to the allegations against him by moving this Court to excuse him from filing a brief due to his present incarceration and an alleged lack of access to Florida law books; to remand for new proceedings with a court-appointed attorney; and to hold these proceedings in abeyance until Winn's federal appeal is final. He argues that he was not guilty of the federal offenses, but concedes he was convicted of them. Winn claims that only his perjury conviction involved moral turpitude, and asks for oral argument. He asks the Court to modify his earlier suspension.
First, Winn requested and received a copy of The Florida Bar Rules, upon which the charges against him are based. Since he is a trained attorney, we do not believe he has been deprived of the ability to prepare a case. Moreover, if Winn truly needed access to other Florida materials, he should have so moved the Court prior to the time set for filing his response brief. This Court is quite willing to enter a proper order requiring access to Florida materials when the need is genuine. Second, a person before this Court in a bar discipline proceeding has no right to receive counsel at public expense. By definition, that person is an attorney and can provide self-representation, although there certainly is a right to retain counsel for that purpose.
Third, we will not hold these proceedings in abeyance pending Winn's federal appeal, since this would entangle this Court in speculation about the outcome of a federal proceeding. See The Fla. Bar v. Heller, 473 So.2d 1250 (Fla. 1985). Fourth, we will not look behind Winn's federal convictions. For present purposes, those convictions are res judicata. Fifth, we find that the crimes of conspiracy to kidnap for ransom and sending threatening communications to further that conspiracy involve moral turpitude. Sixth, there is no right to oral argument in a bar discipline proceeding. Winn thus was properly denied oral argument by this Court's earlier order. Seventh and last, we find no valid reason to modify Winn's earlier suspension in case number 75,998.
We find that the record clearly supports the referee's findings of fact. The Bar has submitted federal records documenting Winn's convictions. We agree that substantial aggravating evidence exists, and Winn has submitted nothing in mitigation. Accordingly, we find that Winn has violated Rules Regulating The Florida Bar 3-4.3 and 4-8.4. There is only one possible discipline. Winn is hereby disbarred. Judgment for costs in the amount of $585.00 is entered against Winn, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.