966 F.2d 1443
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William A. MACGUIRE, Plaintiff-Appellant,
v.
William O.E. HENRY; Commonwealth of Virginia, ex rel;
Patrick G. Emmanuel; Gerald F. Richman; Rutledge R. Liles;
Joseph J. Reiter; Ray Ferrero, Jr.; Stephen Zack; The
Florida State Bar; Bob D. Graham; Charles D. McClure;
William Meggs; Timothy K. Sanner; Richard F. Gorman;
Robert Q. Harris; Alan Rasmussen; Robert Martinez;
William Faulconer; W. F. Corvello; James F. Miller,
Defendants-Appellees.
In Re:William A. MacGuire, No. 91-8075 Petitioner.
 Nos. 91-1224, 91-8075.
 United States Court of Appeals,
Fourth Circuit.
 On Petition for Writ of Mandamus. Submitted: May 11, 1992.
Decided: June 10, 1992
 
 William A. MacGuire, Appellant/Petitioner Pro Se.
 Thomas Rawles Jones, Jr., Cohen, Dunn & Sinclair, P.C., Alexandria, Virginia; Peter Robert Messitt, Robert Harkness Herring, Jr., Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia; Robert S. Corish, Slenker, Brandt, Jennings & Johnston, Merrifield, Virginia, for Appellees.
 Before PHILLIPS and SPROUSE, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 William MacGuire was convicted in Florida state court, on an information and after a plea of nolo contendere, of two counts related to making verbal and written threats against the life of then-Governor Robert Graham of Florida. He was sentenced to time served plus ten years probation; the probation was to be served in Virginia. He was also disbarred as a result of the conviction.* He has since attacked the conviction and disbarment numerous times in state and federal courts in Florida, as well as in federal courts in Virginia. Both of the actions pending before this Court relate to his disbarment and the validity of his conviction.
 
 
 2
 In MacGuire v. Henry, No. 91-1224, MacGuire appeals the district court's order denying relief on his 42 U.S.C. § 1983 (1988) action. In that action MacGuire asserted that his conviction and resultant disbarment were invalid, and that various Defendants had libeled him or falsely imprisoned him; he sought monetary damages and orders directing that he be reinstated to the bar, that he not be arrested in the future, and that his conviction be declared invalid. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court. MacGuire v. Henry, No. CA-90-1483-AM (E.D. Va. Sept. 20, 1991).
 
 
 3
 In In re MacGuire, No. 91-8075, MacGuire again asserted that his conviction and consequent disbarment were unlawful. He sought an order directing the president of the Florida State Bar to begin proceedings to reinstate his law license. He also sought an order preventing Florida state officials from arresting him, presenting evidence to a Florida grand jury to obtain an indictment against him for threatening former Governor Graham's life, or continuing to supervise him on probation for his previous conviction. He requested further that the Court order the clerk of the county court in which he was convicted to seal his criminal record. He sought an order prohibiting the Sheriff of Orange, Virginia, where he resides, from arresting him in the event that a warrant for his arrest is issued by Florida authorities. Finally, he requested that this Court remand the mandamus petition to the district court for the award of monetary damages and equitable relief.
 
 
 4
 Mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Therefore, MacGuire's request that this Court enter orders directing the actions of several Florida state officials, the president of the Florida State Bar, and a Virginia sheriff are denied. We also deny his request for a remand to the district court for the award of monetary damages and other relief.
 
 
 5
 Although we grant leave to proceed in forma pauperis, we affirm the district court's order in 91-1224 and deny the petition in 91-8075. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 No. 91-1224-AFFIRMED
 No. 91-8075-PETITION DENIED
 
 
 *
 MacGuire was an attorney licensed to practice in Florida. His license was revoked as a result of his conviction. See Florida Bar v. MacGuire, 529 So. 2d 669 (Fla. 1988), cert. denied, 493 U.S. 967 (1989)