PER CURIAM.
We have for review the order of the referee in this attorney disciplinary action granting the respondent’s motion to abate the proceedings. We have jurisdiction. Art. V, § 15, Fla. Const.
This disciplinary action arises in the following context. On January 20, 1995, David Isaac Lusskin was found guilty of two counts of solicitation to commit first-degree murder and two counts of solicitation to commit the killing of unborn quick children. On February 10,1995, Lusskin was sentenced to fourteen years in prison. Lusskin filed a notice of appeal on March 1, 1995. On March 3,1995, he was automatically suspended from the practice of law, pursuant to Rule Regulating The Florida Bar 3-7.2(e). On February 21,1995, in accordance with rule 3-7.2(i), the bar initiated the instant action seeking disbarment. Lusskin then sought to abate the proceedings until his appeal was resolved. The Bar opposed the motion.
After a hearing, the referee granted the motion to abate. The referee reasoned that Lusskin is currently incarcerated and is under automatic suspension and thus would not be in a position to practice law until the appellate process has run. The referee further reasoned that it would be premature to go forward with the proceeding for disbarment because the only basis for the disbarment was the felony conviction which has the potential of being set aside for procedural reasons. The Bar argues that the referee was without authority to abate the proceedings and seeks to have the order of abatement dissolved and the case heard expeditiously.
There is no rule providing for abatement of disbarment proceedings pending appeal of the felony conviction that forms the basis of the disciplinary action; nor has this Court ever addressed the issue of whether a referee can abate proceedings under such circumstances. As the Bar points out, in Florida Bar v. Winn, 593 So.2d 1047 (Fla.1992), we refused to hold disbarment proceedings in abeyance pending the respondent’s federal appeal. We felt that “this would entangle this Court in speculation about the outcome of a federal proceeding.” Id. at 1048.
While we refused to abate the proceedings in Winn, this Court clearly has authority to abate any disciplinary proceeding if good cause is shown. However, the question here is whether it is within a referee’s discretion to abate proceedings under these circumstances. After considering the issue, we believe that it is. Accord Florida Bar v. Lipman, 497 So.2d 1165,1167-68 (Fla.1986) (it is within the sound discretion of referee to grant or deny motion for continuance in disciplinary proceeding). We recognized as much in Florida Bar v. MacGuire, 529 So.2d 669, 670 (Fla.1988), when we stated that lack of finality of a felony conviction will not “necessarily preclude disbarment.”
The fact that pendency of an appeal, standing alone, is not “good cause” for this Court to defer automatic felony suspensions under rule 3 — 7.2(f)(3), Florida Bar v. Heller, 473 So.2d 1250 (Fla.1985), does not preclude abatement of further disciplinary proceedings pending appeal. The reasons for swift disciplinary action after a felony conviction are no longer a concern once the convicted attorney has been automatically suspended. As noted by the referee in this case, there is no possibility that Lusskin will practice law *1213 while he stands convicted of a felony. Not only has he been suspended under rule 3-7.2(e), he is in prison. Moreover, the need to rush to a hearing to preserve witness memories is not as crucial as in other types of disciplinary actions because, if the felony conviction is affirmed, it will serve as conclusive proof of the criminal offense. R.Reg. Fla.Bar 3-7.2(i)(3). On the other hand, if the conviction is reversed, any time spent on disbarment proceedings would have been wasted.
Accordingly we hold that, while an attorney convicted of a felony has no automatic right to abatement of further proceedings pending appeal, it is within the referee’s sound discretion to abate the proceedings when the respondent has been suspended under rule 3-7.2(e). Such ruling will not be disturbed absent a clear abuse of discretion. Accord Lipman. Because we find no abuse of discretion here, the order of abatement must stand.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.