STATE OF NEBRASKA EX REL. PAUL L. DOUGLAS, ATTORNEY GENERAL, AND STEVEN M. CURRY, MERRICK COUNTY ATTORNEY, APPELLEES, v. MARJORIE BIGELOW, DOING BUSINESS AS NEBRASKA CHRISTIAN LIBERTY ACADEMY, APPELLANT.

325 N.W.2d 838

Filed November 5, 1982. No. 82-377.

Marjorie Bigelow, pro se.

Paul L. Douglas, Attorney General, and Harold Mosher, and Steven M. Curry, Merrick County Attorney, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

This matter came on upon the appellant's "Application for Stay of Injunction," pending disposition of this appeal, of a permanent injunction issued by the court below following a trial on the merits of this civil action brought by the State of Nebraska, and upon her "Petition to Vacate" and upon her "Writ of Certiorari."

Upon consideration whereof, the constitutional issues presented having been essentially resolved in *State ex rel. Douglas v. Faith Baptist Church,* 207 Neb. 802, 301 N.W.2d 571 (1981), *appeal dismissed, Faith Baptist Church of Louisville, Nebraska v. Douglas,* 454 U.S. 803, 102 S. Ct. 75, 70 L. Ed. 2d 72, it is ordered, adjudged, and decreed that the "Application for Stay of Injunction" be, and the same hereby is, overruled and denied. It is further ordered, adjudged, and decreed that the "Writ of Certiorari," no procedure for such existing in this court, be, and the same hereby is, overruled and denied. It is further ordered, adjudged, and decreed that the "Petition to Vacate" be, and the same hereby is, overruled and denied without prejudice to review of the issues presented on appeal.

APPLICATION FOR STAY OF PERMANENT INJUNCTION DENIED.

WRIT OF CERTIORARI DENIED.

PETITION TO VACATE DENIED WITHOUT PREJUDICE.

CLINTON, J., dissenting.

I respectfully dissent from the portion of the order of this court denying the appellant's request for a stay of the injunction while the appeal is pending in this court and until there is a final decision on the merits of the case. The State here seeks to enforce compulsory education laws by injunction rather than by prosecution. This is a highly unusual procedure and presents the possibility that the defendant may be twice punished for essentially the same act—once for violation of the injunction and once, or more, for violation of the pertinent criminal statute. The cases of *State ex rel. Meyer v. Weiner,* 190 Neb. 30, 205 N.W.2d 649 (1973), and *State ex rel. Spillman v. Heldt,* 115 Neb. 435, 213 N.W. 578 (1927), indicate that the court should not enjoin the commission of an act for the sole reason that the act may constitute a violation of a criminal statute. The record in this case

indicates no immediate urgency is present. The public health, safety, and welfare of the people of Nebraska generally are in no way threatened by having the education of the appellant's daughter continue at home during further legal process. The record shows that testing of the child indicates that she is learning at a satisfactory rate. It may support a finding that she is learning more quickly and more fully at home than she would in an accredited school.

It should be noted that the appellant asserts a constitutional right in this case, that is, that under the provisions of the first, ninth, and fourteenth amendments to the Constitution of the United States she has the primary right and responsibility to control the education of her own child. I do not believe it can be said, in the light of longstanding opinions of the U.S. Supreme Court, that the claims of the appellant are wholly without merit or frivolous. I would stay the injunction pending final determination on the merits.