STATE OF NEBRASKA EX REL. PAUL L. DOUGLAS,
ATTORNEY GENERAL, ET AL., APPELLANTS, V. JOHN WIENER ET
AL., APPELLEES.

370 N.W.2d 720

Filed July 19, 1985. No. 84-402.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellants.

John and Carol L. Wiener, pro se.

BOSLAUGH, WHITE, and HASTINGS, JJ., and BRODKEY, J., Retired, and FAHRNBRUCH, D.J.

FAHRNBRUCH, D.J.

This action was brought by the State of Nebraska on relation of the Attorney General and the Hamilton County attorney to enjoin John and Carol L. Wiener, husband and wife, from operating a private home school in continuing and flagrant violation of the State Department of Education rules and regulations and Nebraska statutes. After a hearing on the State's motion for summary judgment, the trial court dismissed the State's petition with prejudice. Reviewing the case de novo, we reverse the judgment and remand the cause with directions.

The narrow issue dispositive of this appeal is whether injunctive relief is available to prevent the operation of a private school which is in continuing and flagrant violation of State Department of Education rules and regulations and Nebraska statutes, even though the violative acts may be subject to criminal sanctions. Injunctive relief is available. This court so held in *State ex rel. Douglas v. Faith Baptist Church*, 207 Neb. 802, 301 N.W.2d 571 (1981). We reaffirm that holding.

At the relevant times herein the Wieners were teaching their two school-age children in their home. From the pleadings, affidavits, and exhibits at the hearing on the motion for

summary judgment, it was conclusively established that the Wieners were operating the school continually in flagrant violation of then existing State Department of Education rules and regulations and Nebraska statutes. To set forth the specific violations would serve no useful purpose in view of our ultimate decision in this case. Since the time of the trial court's decision, Nebraska statutes have been amended and the State Department of Education's rules and regulations have been revised.

In large part, according to their answer, the Wieners' failure to comply with the State Department of Education rules and regulations and the Nebraska statutes was due to the Wieners' religious belief that they had the unfettered right under the first amendment of the U.S. Constitution to educate their children without state interference. The Wieners further answered that if any violation of law was occurring, the State had an adequate remedy at law through criminal sanctions under the appropriate statutes.

The trial court found that by reason of an adequate remedy at law through criminal sanctions, the State's petition for injunctive relief should be, and was, dismissed with prejudice. In making its ruling the trial court relied upon *In re Interest of K.S.*, 216 Neb. 926, 346 N.W.2d 417 (1984). That reliance was misplaced. *In re Interest of K.S.* was an action against a truant child, and not against the operation of a private home school in continuing and flagrant violation of state regulations and statutes. *In re Interest of K.S.* stands for the proposition that a truant child is subject to the jurisdiction of the juvenile court even though the child's parents have consented to the child's truancy from a school approved by the state. It does not stand for the proposition that the state is not entitled to injunctive relief when there are continuing and flagrant violations of law.

" '[A] court of equity may properly afford injunctive relief where there has been a continuing and flagrant course of violations of the . . . law even though these acts may be subject to criminal prosecution.' " *State ex rel. Douglas v. Faith Baptist Church, supra* at 807, 301 N.W.2d at 575, citing *State ex rel. Meyer v. Weiner*, 190 Neb. 30, 205 N.W.2d 649 (1973).

Because the State, in oral argument in this court, admitted

that the Wieners' school operation is now in compliance with revised State Department of Education rules and regulations and amended Nebraska statutes, it is not necessary for this court to reach the issue as to whether the State's motion for summary judgment should have been granted. The case is moot, since the purpose of an injunction is to prevent continuing unlawful activity.

The judgment of the trial court in dismissing the State's action with prejudice prevents the State from again filing for injunctive relief in the event that the Wieners operate a school in flagrant violation of State Department of Education rules and regulations and Nebraska statutes. Therefore, the judgment of the trial court dismissing the case with prejudice is reversed, and the cause is remanded with instructions to dismiss it as being moot.

REVERSED AND REMANDED WITH DIRECTIONS.