Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/12/2020 08:08 AM CDT

County of Cedar, Nebraska, a body
politic and corporate, appellee,
v. John E. Thelen, appellant.

\_\_\_ N.W.2d \_\_\_

Filed March 20, 2020.    No. S-19-605.

1. **Injunction: Equity.** An action for injunction sounds in equity.
2. **Equity: Appeal and Error.** On appeal from an equity action, an appellate court decides factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the trial court's determination.
3. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.
4. **Injunction.** An injunction is an extraordinary remedy, and it ordinarily should not be granted unless the right is clear, the damage is irreparable, and the remedy at law is inadequate to prevent a failure of justice.
5. **Trespass: Injunction: Equity.** In trespass cases, equity looks to the nature of the injury inflicted, together with the fact of its constant repetition, or continuation, rather than to the magnitude of the damage inflicted, as the ground of affording relief.
6. **Injunction: Municipal Corporations: Statutes: Ordinances.** Evidence of a violation of a valid statute or ordinance is sufficient to warrant the issuance of a permanent injunction to a municipality or public entity seeking to prevent further violations.
7. **Municipal Corporations: Ordinances: Public Health and Welfare: Presumptions.** Irreparable harm to public rights, property, or welfare is presumed to result from actions which by municipal ordinance have been declared unlawful.
8. **Criminal Law: Injunction: Equity.** Where acts complained of are in violation of the criminal law, courts of equity will not, on that ground alone, interfere by injunction to prevent their commission, as courts of

equity will not exercise their power for the purpose of enforcing criminal laws.

9. ____: ____: ____. Because equity, as a general rule, has no criminal jurisdiction, equity will not interfere to punish crime. Something more than a violation of the law is required to justify the exercise of equity's powers.

10. **Injunction: Statutes: Ordinances: Public Health and Welfare.** A permanent injunction against repetitive unlawful violations of statutes or ordinances is not a form of punishment for what has been done, but the prevention of future irreparable harm to public rights, property, or welfare.

11. **Injunction: Equity: Words and Phrases.** An adequate remedy at law means a remedy which is plain and complete and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity, and a remedy at law is not adequate if the situation requires and the law permits preventative relief against the repetition and continuance of wrongful acts.

12. **Injunction: Equity: Nuisances.** A court of equity may, at the instance of properly constituted authority, issue an injunction in the case of a public nuisance, when its issuance will give more complete relief than can be afforded in a court of law.

13. **Injunction: Statutes: Public Health and Welfare: Nuisances.** An injunction is a proper remedy to be used by the state in the protection of public rights, property, or welfare, whether or not the acts complained of violate a penalty statute and whether or not they constitute a nuisance.

14. **Criminal Law: Equity: Statutes.** The rule that equity will not interfere to enforce criminal law, which ordinarily provides an adequate remedy at law, does not have the force of denying such a remedy in the prevention of public wrongs arising out of either continuous or repeated violations of a penalty statute which harmfully affects the interests of the public.

15. **Criminal Law: Equity: Statutes: Public Health and Welfare.** There is a well-recognized exception to the general rule that enforcement of criminal laws provides an adequate remedy, namely, that where a more complete remedy is afforded by injunction than by criminal prosecution, a court of equity may, at the instance of properly constituted authorities, afford relief by injunction in order to protect the public welfare.

16. **Criminal Law: Injunction: Equity.** A court of equity may properly afford injunctive relief where there has been a continuing and flagrant course of violations of the law, even though these acts may be subject to criminal prosecution.

17. **Legislature: Intent: Highways: Public Health and Welfare.** The clear legislative intent in the regulatory scheme governing public roads, and in Neb. Rev. Stat. § 39-301 (Reissue 2016) specifically, is the protection of the public who use those roads.

18. **Criminal Law: Legislature: Highways: Public Health and Welfare.** It is in the interest of the public to prevent obstructions of the public roads, both for their maintenance and more direct safety, and the mere fact that the Legislature has enacted a criminal law addressing the subject does not mean that the subject matter is preempted.

Appeal from the District Court for Cedar County: Paul J. Vaughan, Judge. Affirmed.

Bradley C. Easland, of Egley, Fullner, Montag, Morland & Easland, P.C., for appellant.

Mark D. Fitzgerald, of Fitzgerald, Vetter, Temple, Bartell & Henderson, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## NATURE OF CASE

A landowner appeals from an order in a civil action granting a permanent injunction against encroaching on the public road right-of-way 33 feet in either direction from the centerline, including those road ditches within that distance from the centerline, by erecting or placing fences or by placing or leaving any type of obstruction or obstacle thereon, or by causing another to do these actions. The central question in this appeal is whether criminal misdemeanor proceedings provide an adequate remedy at law, which render injunctive relief improper.

## BACKGROUND

The civil complaint for a permanent injunction in this case was brought at the same time as a criminal complaint charging

John E. Thelen with three counts of obstructing a public road in violation of Neb. Rev. Stat. § 39-301 (Reissue 2016), based on repeated instances of erecting an electric fence within the ditch right-of-way of Cedar County, Nebraska (County), alongside a county road. Thelen was ultimately convicted of three misdemeanors for re-erecting the same fence in the same location on August 31 and September 6 and 13, 2016. In *State v. Thelen,*[1] we affirmed Thelen's convictions on three counts of violating § 39-301.

Following a bench trial on stipulated evidence, the district court granted an injunction against Thelen's encroaching on the public road right-of-way 33 feet in either direction from the centerline, including those road ditches within that distance from the centerline, by erecting or placing fences or by placing or leaving any type of obstruction or obstacle thereon, or by causing another to do these actions. The court concluded that "the entire 33-foot area from the center of 870 Road to the north into the road ditch" was part of the "public road" described by § 39-301. The court found that Thelen had "repeatedly and flagrantly" violated Nebraska statutes relating to the road rights-of-way and that successive criminal prosecution had proved to be an inadequate remedy.

Like in the criminal case discussed in *Thelen*, the evidence presented for purposes of the County's complaint for injunctive relief established that the County controls a public road running along the south side of Thelen's property and controls, maintains, and is responsible for its 66-foot right-of-way. Both the County's highway superintendent, Carla Schmidt, and the chairman of the County's board of commissioners, David McGregor, averred that, since 2013, Thelen has continuously and repeatedly placed a fence within the County's right-of-way and has refused to voluntarily remove his fence after being given reasonable notice to do so.

---

[1] *State v. Thelen, ante* p. 334, ___ N.W.2d ___ (2020).

According to Schmidt, for purposes of moving his cattle from one pasture to another, Thelen regularly placed his fence in the County's ditch right-of-way beginning in June and removed it in October or November. Schmidt noted that the fence had been repeatedly placed a mere 16½ feet from the roadway centerline.

McGregor averred that it was the County's duty to keep its public roads' rights-of-way, especially its ditches, free of debris, crops, fences, or any other obstructions. McGregor described that such obstructions presented a safety issue and that the County would subject itself to the loss of its tort liability insurance coverage if it failed to keep its ditches free of obstructions.

Schmidt similarly averred that the fences repeatedly placed by Thelen in the County's right-of-way endangered the traveling public and created liability for the County for the failure to comply with its statutory duty under § 39-301 to remove road obstacles.

Schmidt opined that an alternative solution would be for Thelen to remove or not plant four to six rows of corn in order for his cattle to reach his pasture by simply crossing his property "without trespassing on the county road." Schmidt asserted that she had repeatedly told Thelen that he cannot use the ditch right-of-way and asked him to move the fence onto his own property, "all to no avail."

According to the evidence submitted, Thelen has erected the same type of fence in the same location at least seven times and the County has repeatedly incurred the costs associated with removing the fence. Affidavits established that in 2013 and 2014, Thelen had re-erected the same type of fence in the same location within the County's right-of-way, refusing to remove it when asked to do so. Then, in 2015, Thelen was found guilty of violating § 39-301 for erecting the same type of fence in the same location in July. Thereafter, in September, Thelen placed his fence anew in the County's right-of-way. Thelen re-erected

the fence on August 31 and September 6 and 13, 2016, each time after law enforcement had removed it. These three acts led to the criminal convictions affirmed in *Thelen*.[2]

According to Schmidt, Thelen "has indicated that he will continue to disregard my notices in the future because the fine is only $25.00, indicating cheap pasture rent."

## ASSIGNMENTS OF ERROR

Thelen assigns that the district court erred in (1) finding that placing the electric fence in the ditch violated § 39-301 and (2) failing to find that the County had an adequate remedy at law.

## STANDARD OF REVIEW

[1] An action for injunction sounds in equity.[3]

[2] On appeal from an equity action, an appellate court decides factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the trial court's determination.[4]

[3] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[5]

## ANALYSIS

Thelen asserts, as he did in the appeal from his misdemeanor convictions affirmed in *Thelen*, that the County's ditch right-of-way alongside the county roadway does not constitute a "public road" for purposes of § 39-301.[6] We have already discussed this question thoroughly in *Thelen*, wherein we held that a "public road" in § 39-301 includes the entire area within

---

[2] See *State v. Thelen, supra* note 1.

[3] *Denali Real Estate v. Denali Custom Builders*, 302 Neb. 984, 926 N.W.2d 610 (2019).

[4] *Id.*

[5] *Saylor v. State*, 304 Neb. 779, 936 N.W.2d 924 (2020).

[6] See *State v. Thelen, supra* note 1.

the county's right-of-way.[7] We thus find no merit to Thelen's first assignment of error.

Thelen alternatively asserts in his second assignment of error that criminal misdemeanor proceedings provide an adequate remedy at law, which render the present injunctive relief improper despite his repeated violations of § 39-301. We disagree.

[4-7] An injunction is an extraordinary remedy, and it ordinarily should not be granted unless the right is clear, the damage is irreparable, and the remedy at law is inadequate to prevent a failure of justice.[8] In trespass cases, equity looks to the nature of the injury inflicted, together with the fact of its constant repetition, or continuation, rather than to the magnitude of the damage inflicted, as the ground of affording relief.[9] We have consistently regarded evidence of a violation of a valid statute or ordinance as sufficient to warrant the issuance of a permanent injunction to a municipality or public entity seeking to prevent further violations.[10] Irreparable harm to public rights, property, or welfare is presumed to result from actions which by municipal ordinance have been declared unlawful.[11]

[8,9] Nevertheless, Thelen relies on the general rule that the prosecution of criminal offenses is normally a complete and sufficient remedy at law. It is the general rule that acts punishable by fine will not ordinarily be enjoined.[12] We have explained that where acts complained of are in violation of the criminal law, courts of equity will not, on that ground alone, interfere by injunction to prevent their commission, as

---

[7] *Id.*

[8] See *Lambert v. Holmberg*, 271 Neb. 443, 712 N.W.2d 268 (2006).

[9] *Id.*

[10] *State ex rel. City of Alma v. Furnas Cty. Farms*, 266 Neb. 558, 667 N.W.2d 512 (2003).

[11] *Id.*

[12] *State v. Chicago & N. W. Ry. Co.*, 147 Neb. 970, 25 N.W.2d 824 (1947).

courts of equity will not exercise their power for the purpose of enforcing criminal laws.[13] Because equity, as a general rule, has no criminal jurisdiction, equity will not interfere to punish crime.[14] Something more than a violation of the law is required to justify the exercise of equity's powers.[15]

[10,11] A permanent injunction against repetitive unlawful violations of statutes or ordinances, however, is not a form of punishment for what has been done, but the prevention of future irreparable harm to public rights, property, or welfare.[16] An adequate remedy at law means a remedy which is plain and complete and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity,[17] and a remedy at law is not adequate if the situation requires and the law permits preventative relief against the repetition and continuance of wrongful acts.[18]

[12,13] Thus, a court of equity may, at the instance of properly constituted authority, issue an injunction in the case of a public nuisance, when its issuance will give more complete relief than can be afforded in a court of law.[19] We have also held that an injunction is a proper remedy to be used by the state in the protection of public rights, property, or welfare, whether or not the acts complained of violate a penalty statute and whether or not they constitute a nuisance.[20]

---

[13] See *State, ex rel. Hunter, v. The Araho*, 137 Neb. 389, 289 N.W. 545 (1940).

[14] See *id.*

[15] F. Lee Bailey & Kenneth J. Fishman, Handling Misdemeanor Cases § 10:8 (2d ed. 1992).

[16] See, e.g., *State, ex rel. Hunter, v. The Araho, supra* note 13.

[17] *Hogelin v. City of Columbus*, 274 Neb. 453, 741 N.W.2d 617 (2007).

[18] *Id.*

[19] See *State, ex rel. Sorensen, v. Ak-Sar-Ben Exposition Co.*, 121 Neb. 248, 236 N.W. 736 (1931).

[20] *State ex rel. City of Alma v. Furnas Cty. Farms, supra* note 10; *State ex rel. Meyer v. Knutson*, 178 Neb. 375, 133 N.W.2d 577 (1965).

[14,15] Stated another way, the rule that equity will not interfere to enforce criminal law, which ordinarily provides an adequate remedy at law, does not have the force of denying such a remedy in the prevention of public wrongs arising out of either continuous or repeated violations of a penalty statute which harmfully affect the interests of the public.[21] There is a well-recognized exception to the general rule that enforcement of criminal laws provides an adequate remedy, namely, that where a more complete remedy is afforded by injunction than by criminal prosecution, a court of equity may, at the instance of properly constituted authorities, afford relief by injunction in order to protect the public welfare.[22]

[16] A court of equity may properly afford injunctive relief where there has been a continuing and flagrant course of violations of the law, even though these acts may be subject to criminal prosecution.[23] Injunction is properly used for the protection of public rights, property, or welfare, whether or not such acts violate a penalty statute and whether or not they constitute a nuisance.[24]

There are numerous examples of this exception. In *State ex rel. Meyer v. Weiner*,[25] we upheld a permanent injunction against continuously engaging in unlicensed real estate practices, and in *State ex rel. Meyer v. Knutson*,[26] we upheld a permanent injunction against continuously engaging in the practice of professional architecture without a license, both

---

[21] See, e.g., *City of Lincoln v. ABC Books, Inc.*, 238 Neb. 378, 470 N.W.2d 760 (1991); *State v. Chicago & N. W. Ry. Co.*, supra note 12.

[22] See *State, ex rel. Spellman, v. Heldt*, 115 Neb. 435, 213 N.W. 578 (1927).

[23] *State ex rel. Douglas v. Wiener*, 220 Neb. 502, 370 N.W.2d 720 (1985); *State ex rel. Douglas v. Faith Baptist Church*, 207 Neb. 802, 301 N.W.2d 571 (1981). See *State ex rel. Meyer v. Weiner*, 190 Neb. 30, 205 N.W.2d 649 (1973).

[24] *State ex rel. Meyer v. Weiner, supra* note 23.

[25] *Id.*

[26] *State ex rel. Meyer v. Knutson, supra* note 20.

of which violated criminal statutes. In *State ex rel. Douglas v. Wiener*,[27] we upheld injunctive relief against a husband and wife who operated a private homeschool in continuing and flagrant violation of then-existing rules and regulations of the State Department of Education and Nebraska statutes. In *State ex rel. Douglas v. Faith Baptist Church*,[28] we upheld injunctive relief against a church, despite the fact that the church was subject to penal sanctions, for violations of the various statutory provisions relating to compulsory education and operation of private, denominational, and parochial schools.

In *City of Lincoln v. ABC Books, Inc.*,[29] we upheld injunctive relief against an adult bookstore operating fully enclosed viewing booths in picture arcades, in violation of a local ordinance that subjected the bookstore to fines. We noted that the successful prosecution of the bookstore on three separate occasions for violations of the ordinance had not resulted in the removal of the fully enclosed booths. In *State ex rel. Spellman, v. Heldt*,[30] we upheld injunctive relief to restrain and enjoin a cattle owner from interfering and preventing agents of the Department of Agriculture from entering his premises and carrying out the laws, rules, and regulations concerning bovine tuberculosis eradication, even though such same acts constituted a criminal offense punishable by fine.

In *State v. Chicago & N. W. Ry. Co.*,[31] we upheld injunctive relief against a railroad company from continuing to operate certain mainline switch stands without proper lights, in violation of a penal statute subjecting the railroad to a fine. We explained that an injunction was the proper remedy because the

---

[27] *State ex rel. Douglas v. Wiener, supra* note 23.

[28] *State ex rel. Douglas v. Faith Baptist Church, supra* note 23.

[29] *City of Lincoln v. ABC Books, Inc., supra* note 21.

[30] *State, ex rel. Spellman, v. Heldt, supra* note 22.

[31] *State v. Chicago & N. W. Ry. Co., supra* note 12.

safety of the traveling public required that the regulations at issue be enforced. Similarly, in *State v. Pacific Express Co.*,[32] we upheld an injunction against the railroad company against unlawful, exorbitant, and unconscionable rates and charges in the use of eminent domain for the public, despite penal sanction statutes pertaining to the same conduct. We said that the state, in its sovereign capacity, can appeal to the courts for relief by injunction whenever either its property is involved or public interests are threatened and jeopardized by any corporation, especially one of a public nature like a railroad company, seeking to transcend its powers and to violate the public policy of the state.

[17,18] In *Thelen*, we discussed in detail the statutory scheme relating to the prohibition of obstructing a roadway found in § 39-301, of which Thelen has been convicted of violating numerous times.[33] We will not reiterate that analysis here. The clear legislative intent in the regulatory scheme governing public roads, and in § 39-301 specifically, is the protection of the public who use those roads. It is in the interest of the public to prevent obstructions of the public roads, both for their maintenance and more direct safety, and the mere fact that the Legislature has enacted a criminal law addressing the subject does not mean that the subject matter is preempted.[34] We find nothing in the statutes pertaining to obstruction of public roads that could be construed as demonstrating an intent to preempt the equitable remedy of injunctive relief.

In this case, where Thelen repeatedly erected an electric fence in the ditch right-of-way in violation of a valid statute, the preventative remedy of an injunction is the only manner in which to obtain a complete remedy. The remedy of injunctive relief here is not to punish Thelen, but to protect the public

---

[32] *State v. Pacific Express Co.*, 80 Neb. 823, 115 N.W. 619 (1908).

[33] *State v. Thelen, supra* note 1.

[34] See *State ex rel. City of Alma v. Furnas Cty. Farms, supra* note 10.

from future repetitive acts. Multiple criminal prosecutions have done nothing to curb Thelen's behavior, and, indeed, Thelen has expressed the opinion that the fines associated with even repeated criminal misdemeanor convictions are "cheap pasture rent." It is in the interests of the public welfare to prevent this repetitive illegal act. We find no merit to Thelen's argument that injunctive relief was improper because criminal prosecution provides an adequate remedy at law.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

Affirmed.