IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

VILLAGE OF HILDRETH V. SMALLCOMB

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

VILLAGE OF HILDRETH, NEBRASKA, A NEBRASKA MUNICIPAL CORPORATION, APPELLEE,

v.

HEATH A. SMALLCOMB AND AMANDA B. SMALLCOMB, APPELLANTS.

Filed March 14, 2023.    No. A-22-403.

Appeal from the District Court for Franklin County: TERRI S. HARDER, Judge. Affirmed.

Shon T. Lieske, of Lieske, Lieske, & Ensz, P.C., L.L.O., for appellants.

Douglas R. Walker, of Duncan, Walker, Schenker & Daake, P.C., L.L.O., for appellee.

MOORE and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Heath and Amanda Smallcomb (the Smallcombs) appeal from the order of the Franklin County District Court granting the Village of Hildreth's (the Village) request for a permanent injunction prohibiting the Smallcombs from continuing to maintain nuisance conditions on three different properties. The Smallcombs argue that the court erred in finding that the properties were maintained in violation of the Village's ordinances, in failing to consider evidence that they had made steady improvements to the properties, and in granting a permanent injunction in favor of the Village. For the reasons stated herein, we affirm.

### STATEMENT OF FACTS

In July 2021, the Village filed a petition for injunction alleging that the Smallcombs continued to maintain their properties in a condition previously deemed by the Village of Hildreth Board of Health (Board of Health) to constitute a nuisance. The petition indicated that the Board

- 1 -

of Health initially inspected the Smallcombs' properties on September 17, 2018, following complaints about the conditions on the real estate. The complaints regarding the properties' unsightly appearance included "dilapidated fences around areas being used as a salvage yard for old automobiles," "automobile parts and metals strewn around the property," and "weeds, grasses and other worthless vegetation growing on [the] premises." Following the inspection and confirmation of the conditions, the Board of Health determined that three of the Smallcombs' properties in Hildreth (collectively the properties) violated sections 91.20(8), 91.20(9) and 91.24(D) of the Hildreth Code of Ordinances. The Board of Health unanimously voted that the Smallcombs' properties be declared a nuisance. In September 2018, the Board of Health sent the Smallcombs a "Notice to Abate a Nuisance" for each property which were served by the Buffalo County Sheriff's Department in early October 2018. The Smallcombs timely appealed the Board of Health's determination to the Village Board of Trustees (Board of Trustees) which, after a hearing, upheld the Board of Health's decision. The Smallcombs then appealed to the Franklin County District Court by filing a petition in error. Following a hearing thereon, in November 2019, the district court affirmed the Board of Trustee's determination finding that there was "no basis for reversal, vacation, or modification" of the January 2019 order of the Village. The Smallcombs did not further appeal from the district court's order dismissing their petition in error.

After observing no appreciable improvement or abatement of the nuisance conditions on the three properties between November 2019 and July 2021, the Village filed the current action seeking a petition for an injunction to prohibit the Smallcombs from continuing to maintain the nuisance conditions. The Village's petition asserted that, since the district court's November 2019 order upholding the finding that the Smallcombs' properties were in violation of the village ordinances, the Smallcombs had not abated the nuisance conditions on any of the three properties; had continued to maintain their properties in a condition determined by the Village to constitute a nuisance; and that the Smallcombs should be enjoined from keeping the properties in their current conditions in violation of the Village of Hildreth's municipal code.

A trial on the Village's petition for injunctive relief was held over two days in January and February 2022. Testimony was adduced from Jeffrey Wilhelm, fee appraiser; Darren Schenk, chairman of the Village Board of Health; Dale Casper, Village Superintendent, police chief, and member of the Board of Health; and Heath Smallcomb. Exhibits offered and received during the hearing included photographs of the properties, minutes and decisions from the Board of Health and Board of Trustees, and orders of the Franklin County District Court from the original determination that the Smallcombs' properties were deemed a nuisance.

During the trial, Schenk testified that he drove by the properties on a daily basis and that there had been minimal changes in the last three years since the original Board of Health meeting. Similarly, Casper testified that he regularly drove by the three properties, and between September 2018, (when the Board of Health first inspected the properties) and September 30, 2021, (when the photos were taken), there had been no appreciable improvement in the nuisance conditions on the properties.

Wilhelm testified that the Village contacted him to take photographs of the three properties on September 30, 2021, which photographs were admitted into evidence alongside a report drafted by Wilhelm in late October 2021. Casper testified that he was present when Wilhelm took the photographs and that the photographs accurately represented the conditions of each of the three

properties on September 30, 2021. Casper acknowledged that the Smallcombs made some improvements after September 2021 but noted that the Smallcombs did not make improvements to abate the nuisance conditions until the Village filed the current action.

In contrast to Schenk and Casper's testimonies, Heath testified that he had made improvements on each of the properties including installing new roofs, placing concrete, repairing the existing fences, removing a fence, and mowing the properties. The Smallcombs offered multiple photographs into evidence depicting the condition of the properties at different times. Heath testified that there had been two windstorms in June and December 2021 which caused new damage to his properties that he had not yet repaired because he was waiting to hear back from his insurance claims adjuster. Heath estimated that he had spent approximately $34,000 on improvements of the three properties since 2016.

Following the hearing on the petition for injunction, the district court found that

the [Smallcombs] have maintained Tract #1 in violation of ordinances 91.20(8) and (9) and 91.24(D) by maintaining a dilapidated fence, inoperable motor vehicles, trucks and parts on the property and allowing weeds, grasses, worthless vegetation and volunteer trees to persist on the property. As to Tracts #2 and #3, the Court finds that the [Smallcombs] have maintained these properties in violation of the same ordinances by maintaining wrecked, disassembled automobiles and their parts on the property with weeds and volunteer trees growing among the automobiles. Additionally, there is also a dilapidated fence.

The Court finds that the Village has met its burden of proof and is entitled to a permanent injunction for the tracts of land set forth above and therefore, the [Smallcombs] are permanently enjoined from maintaining nuisance conditions on their properties by continuing to store unlicensed and inoperable vehicles on their properties and the parts thereof, in violation of the Village of Hildreth ordinance 91-20(9). Further, the [Smallcombs] are permanently enjoined from maintaining the structure(s) on the foregoing tracts of real estate in a dilapidated condition in violation of Village of Hildreth code section 91-20(8). Finally, the [Smallcombs] are permanently enjoined from permitting weeds, grasses and worthless vegetation from growing on these three tracts of property including among the inoperable vehicles and parts thereof in violation of Village of Hildreth code section 91.24(D).

The Smallcombs now appeal from the district court's order granting the Village's petition for injunction.

ASSIGNMENTS OF ERROR

The Smallcombs assign that the district court erred in: (1) finding that the Smallcombs maintained the three tracts of land in violation of village ordinances 91.20(8), 91.20(9), and 91.24(D); (2) failing to consider evidence presented by the Smallcombs that all three tracts of land showed steady improvements during the timeframe alleged by the Village and that the tracts were not being maintained in violation of the above ordinances; and (3) granting a permanent injunction in favor of the Village.

We note that the Smallcombs have argued, but not assigned as error, several issues including that: the district court erred in considering evidence of multiple or repeated violations

prior to the 2019 case since the evidence at trial was limited to events occurring after 2019; the Village's complaint was too broad to grant relief because an injunction must specifically describe the activity to be enjoined; the Village used very broad language within the ordinances regarding nuisances to claim that the Smallcombs maintained their properties in a manner to cause repeated violations; the Village failed to connect the properties' conditions to damage to the public or any particular person cited at the end of the nuisance ordinances; the Village failed to show future harm or injustice caused by violations; and that the alleged violations fall under the same ordinance but were not of the same nature or occurring on the same property. To be considered by an appellate court, a party asserting alleged error must both specifically assign and specifically argue it in the party's initial brief. *Timothy L. Ashford, PC LLO v. Roses*, 313 Neb. 302, 984 N.W.2d 596 (2023). Accordingly, we do not consider the arguments raised in the Smallcombs' brief that were not assigned as error.

## STANDARD OF REVIEW

An action for injunction sounds in equity. *County of Cedar v. Thelen*, 305 Neb. 351, 940 N.W.2d 521 (2020). On appeal from an equity action, an appellate court decides factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the trial court's determination. *Id.* And in such an appeal, when credible evidence is in conflict on material issues of fact, the court considers and may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another. *Denali Real Estate v. Denali Custom Builders*, 302 Neb. 984, 926 N.W.2d 610 (2019).

## ANALYSIS

### PROPERTIES IN VIOLATION OF ORDINANCES

The Smallcombs first assign that the district court erred in finding that they had maintained the three tracts of property in violation of ordinances 91.20(8), 91.20(9), and 91.24(D) of the Village of Hildreth Code.

The issue of whether the Smallcombs maintained their properties in violation of ordinances 91.20(8), (9), and 91.24(D) was the subject of the Village's Notice to Abate a Nuisance served upon the Smallcombs in September 2018. That nuisance determination was appealed to the Board of Trustees and eventually to the Franklin County District Court. In November 2019, the district court affirmed the Board of Trustees' nuisance determination and the Smallcombs did not appeal from that determination. When the Smallcombs failed to abate the nuisance, the Village filed the present action seeking an order enjoining the Smallcombs from continuing to maintain the properties in the nuisance condition that led to the previous order.

To the extent that the Smallcombs are assigning that the condition of the three tracts of property properties did not violate Village ordinances 91.20(8), (9), and 91.24(D), that issue was resolved in the district court's November 2019 order in the prior action and the Smallcombs are collaterally estopped from challenging it. As we have often stated, there are four conditions that must exist for the doctrine of collateral estoppel to apply: (1) The identical issue was decided in a prior action, (2) there was a judgment on the merits which was final, (3) the party against whom the rule is applied was a party or in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. See *Stewart v. Hechtman*, 254

Neb. 992, 581 N.W.2d 416 (1998). All four elements are most certainly present here and the Smallcombs are collaterally estopped from again challenging that their properties were in violation of these ordinances.

To the extent that the Smallcombs are arguing that the evidence was insufficient to support a finding that they continued to maintain their properties in violation of these ordinances, we discuss that assigned error in the next section of this opinion.

INSUFFICIENT EVIDENCE

The Smallcombs next assign that the district court erred in failing to consider evidence presented by them "that all three tracts of land . . . showed steady improvement during the time frame alleged by the [Village] and that those tracts of land were not being maintained in violation of ordinances 91.20(8), and (9) and 91.24(D) of the Village of Hildreth Code."

As we previously noted, the Smallcombs are prohibited from collaterally attacking the Franklin County District Court's 2019 order finding that the properties were maintained in violation of the applicable provisions of the Village Code. In fact, the sole issue in the current proceeding is whether the Smallcombs failed to remedy the violations which were found to exist as of 2019. We read this assignment as a challenge to the sufficiency of the evidence to support a finding that the Smallcombs failed to remedy the conditions which the court found to exist in 2019 and which it found to constitute a nuisance as defined by the Village Code. To that end, the Smallcombs argue that they were not given credit for some of the work they had done to remedy portions of the conditions or a lack of recognition by the court that some new storm damage occurred which should not fit into the category of failing to remedy the prior nuisance.

Notwithstanding these claims by the Smallcombs, we note the substantial testimony by Casper and Schenk that they monitored the properties regularly and that little appreciable work had been done since 2019 to remedy the conditions previously determined to constitute a nuisance. And although we recognize that Heath testified somewhat to the contrary, in equity actions when credible evidence is in conflict on material issues of fact, the court considers and may give weight to the fact the trial court observed the witnesses and accepted one version of the facts over another. *Salem Grain Co. v. City of Falls City*, 302 Neb. 548, 924 N.W.2d 678 (2019). Applying that here, although we acknowledge there may be some additional nonconformity caused by new events or some level of progress made to conform the properties based upon the Franklin County District Court's 2019 order, we find that the district court did not err in finding that the conditions found by the district court in 2019 to exist and which constituted a nuisance continued to persist in violation of ordinances 91.20(8), (9) and 91.24(D). This assignment of error fails.

INJUNCTION

The Smallcombs finally assign that the district court erred in granting an injunction in favor of the Village. They argue that the Village utilized a petition for injunction as a means to get the Smallcombs to complete certain tasks or cosmetic improvements as opposed to attempting to prevent some future wrong. The Smallcombs further argue that the Village had other remedies available to it, and therefore, injunctive relief was improper.

An injunction lies in equity. *ConAgra Foods v. Zimmerman*, 288 Neb. 81, 846 N.W.2d 223 (2014). Equity is not a rigid concept, and its principles are not applied in a vacuum. Rather, equity

is determined on a case-by-case basis when justice and fairness so require. *Id.* An injunction is an extraordinary remedy, and it ordinarily should not be granted unless the right is clear, the damage is irreparable, and the remedy at law is inadequate to prevent a failure of justice. *County of Cedar v. Thelen*, 305 Neb. 351, 940 N.W.2d 521 (2020). We have consistently regarded evidence of a violation of a valid statute or ordinance as sufficient to warrant the issuance of a permanent injunction to a municipality or public entity seeking to prevent further violations. *Id.*

In *County of Cedar v. Thelen*, the Nebraska Supreme Court addressed the appropriateness of granting injunctions for public nuisances. The Court stated:

A permanent injunction against repetitive unlawful violations of statutes or ordinances, however, is not a form of punishment for what has been done, but the prevention of future irreparable harm to public rights, property, or welfare. An adequate remedy at law means a remedy which is plain and complete and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity, and a remedy at law is not adequate if the situation requires and the law permits preventative relief against the repetition and continuance of wrongful acts.

Thus, a court of equity may, at the instance of properly constituted authority, issue an injunction in the case of a public nuisance, when its issuance will give more complete relief than can be afforded in a court of law. We have also held that an injunction is a proper remedy to be used by the state in the protection of public rights, property, or welfare, whether or not the acts complained of violate a penalty statute and whether or not they constitute a nuisance.

. . . .

A court of equity may properly afford injunctive relief where there has been a continuing and flagrant course of violations of the law, even though these acts may be subject to criminal prosecution. Injunction is properly used for the protection of public rights, property, or welfare, whether or not such acts violate a penalty statute and whether or not they constitute a nuisance.

*County of Cedar v. Thelen*, 305 Neb. at 358-59, 940 N.W.2d at 527-28. See also *Cline v. Franklin Pork, Inc.*, 219 Neb. 234, 361 N.W.2d 566 (1985) (injunction was proper remedy as result of defendant's failure to abate nuisance within four years of prior order).

Here, the Village offered evidence of three prior cases related to nuisance conditions on the Smallcombs' properties. Additionally, after the determination was made in 2019 that the Smallcombs' properties were being maintained in a manner deemed to be a nuisance and they were ordered to abate the nuisance conditions, the Village gave the Smallcombs until July 2021, when they filed the instant petition for an injunction to abate the nuisance conditions. Between 2019 and 2021, the Smallcombs failed to abate the nuisance conditions and continued operating and maintaining the properties in such conditions. Although the Smallcombs argue that they made improvements to their properties, that testimony was directly refuted by the Village which provided evidence that the Smallcombs' improvements resulted in little appreciable change. In filing the instant petition, the Village sought to prevent the continuation of the nuisance conditions on the Smallcombs' properties. As we stated above, the district court did not err in finding multiple or repeated violations of the Village's ordinances by the Smallcombs. Therefore, the district court

properly granted an injunction as the Village has a direct interest in preventing future violations of those ordinances by the Smallcombs.

## CONCLUSION

For the reasons stated above, we affirm the district court's order granting the Village an injunction against the Smallcombs.

AFFIRMED.

BISHOP, Judge, participating on briefs.